## The Chicago and Northwestern Railway Co.

### *v.*

### John Button *et ux.*

1. Party plaintiff—*personal injury to wife.* For personal injuries to the wife, she alone must sue, and the joinder of her husband with her is error, for which a judgment in their favor will be reversed.

2. Misjoinder of parties—*how avoided.* Where a husband was improperly joined with his wife in an action brought prior to the Practice act of 1872, it was *held,* that he might be dismissed from the case after that act took effect, and the cause proceed in the wife's name.

3. Admissions—*weight of evidence, when proved.* Where an admission is deliberately and understandingly made and precisely identified, it often affords evidence of the most satisfactory nature. But when it appears

that the party making verbal statements or admissions was misinformed, or did not clearly express his own meaning, or that the witnesses misunderstood him, or can not give the words used, so that, by altering the expressions used, a different effect may be given to what the party did say, it is of but little weight, and ought to be received and considered with caution.

4. INSTRUCTION—*repeating.* There is no error in refusing an instruction which, so far as it states a principle of law applicable to the case, is embraced in one given.

WRIT OF ERROR to the Circuit Court of Whiteside county; the Hon. WILLIAM W. HEATON, Judge, presiding.

This was an action on the case, by John Button and Elizabeth Button, his wife, against the Chicago and Northwestern Railway Company, to recover for a personal injury to the wife.

The declaration alleged, in substance, that plaintiffs were passengers on defendant's railroad from Chicago to Sterling, and had paid their fare; that it was the duty of the company to convey plaintiffs to Sterling and there stop a reasonable time for them to get off the train without injury; that the defendant, immediately after the arrival of the train at Sterling, and while the plaintiffs, with their consent and permission, with due care and diligence, were alighting, caused the train to be suddenly and violently started, whereby the wife was violently thrown with her feet on the ground and backward upon the steps of the car, thereby greatly injuring her spine, etc.

The plaintiffs recovered judgment for $325 and costs, from which the defendant prosecuted a writ of error.

Mr. B. C. COOK, for the plaintiff in error.

Messrs. KILGOUR & MANNAHAN, for the defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was to recover for personal injuries to the wife, and was brought in the names of the husband and wife. This

was error. It has been repeatedly decided by this court that, for an injury to the wife, in cases like this, the right of action is in the wife, and, by the practice which prevails under our statute, she alone must sue. *C. B. and Q. R. R. Co.* v. *Dunn,* 52 Ill. 260; *Same* v. *Dickson,* 67 Ill. 122.

On the remandment of the cause, the improper party, the husband, under the Practice act of 1872, may be dismissed out of the case and the cause proceed in the name of the party in interest. This fact will render it necessary to consider briefly the points made on the instructions.

Objection is taken to the sixth instruction in the series given on behalf of defendants in error. It informs the jury that all verbal admissions ought to be received with great caution; the evidence consisting, as it does, in mere repetitions of oral statements, is subject to much imperfection and mistake; the party himself being misinformed, or not having clearly expressed his own meaning, or the witnesses having misunderstood him; that it frequently happens the witnesses by unintentionally altering a few expressions really used, give an effect to the statement completely at variance with what the party did say. The instruction assumes to state the doctrine in regard to verbal admissions, and the error consists in the omission to state an important qualification which, we think, has its foundation in reason and authority, viz: where the admission is deliberately and understandingly made, and precisely identified, the evidence it affords is often of the most satisfactory nature. Greenleaf on Evidence, Vol. 1, § 200; *Stacy* v. *Cobb,* 36 Ill. 340; *Diversy* v. *Kellogg,* 44 Ill. 114.

A case might arise where the doctrine of the text of the instruction might be applicable to the facts, and would not tend to mislead the jury, but in view of the evidence in this case, we think the rule, as stated, should be qualified as we have indicated.

There was no error in the refusal of the fourth instruction asked by plaintiff in error. So far as it states a principle of law applicable to the case, it was given in the third instruction

asked by him, and the court was not required to give it a second time. The instruction, in its present form, can have no application whatever on another trial if the husband, John Button, is dismissed out of the case.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*