KNOWLES, RESPONDENT, *v.* NIXON, APPELLANT.

[Submitted January 27, 1896.  Decided February 3, 1896.]

ADMISSIONS OF PARTY—*Prejudicial instruction as to.*—Where evidence was given of verbal admission of a party it is reversible error to charge the jury that, as a general rule, the statements of a witness as to verbal admissions of a party should be received by the jury with caution as that kind of evidence is subject to much imperfection and mistake; that the party himself may have been misinformed or not clearly expressed his meaning or the witness may have misunderstood him, as such instruction is prejudicial in containing argument and comment calculated to cause the jury to attach but little weight to the admissions proved. (*Wastl* v. *Montana Union Railway Co.*, ante, page 213, followed.)

*Appeal from Second Judicial District, Silver Bow County.*

ACTION on promissory note.   The case was tried before Mc-Hatton, J.   Plaintiff had judgment below.   Reversed.

*John W. Cotter*, for Appellant.

*George Haldorn* and *Oliver M. Hall*, for Respondent.

PEMBERTON, C. J.—This is an action to recover a balance alleged to be due on a promissory note.   The answer admits the execution of the note, but pleads payment.   The case was tried with a jury, and a verdict returned for the plaintiff in the sum of $231.15.   From the judgment rendered thereon, and the order of court denying a motion for a new trial, the defendant appeals.

The assignment of error principally relied upon by the appellant is the giving of the following instruction by the court:  "The court instructs the jury that although parol proof of the verbal admissions of a party to a suit, when it appears that the admissions were understandingly and deliberately made, often affords satisfactory evidence, yet, as a general rule, the statements of a witness as to verbal admsssions of a party should be received by a jury with caution, as that kind of evidence is subject to much imperfection and mistake. The party himself may have been misinformed, or may not

have clearly expressed his meaning, or the witness may have misunderstood him; and it frequently happens that the witness, by unintentionally altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party did actually say. If it appears to the jury, from the circumstances proved, that the party himself may have been misinformed, or may not have expressed his own meaning clearly and understandingly, or that the witness may have misunderstood him, or that the witness had no reason or motive for remembering the exact language used, or where, for a lapse of time, or any other reason, the jury can see that the witness is liable to be mistaken, or unable to give the exact words really used by the party, or their equivalents, these matters should be considered by the jury in determining the weight to be given to the testimony.''

This instruction is substantially like the instruction commented on with disapproval by this court in *Wastl* v. *Railway Co.*, *ante*, p. 213. The instruction is evidently taken from *Kauffman* v. *Maier*, 94 Cal. 269, 29 Pac. 481. The California court held it to be erroneous, not only because in violation of the constitution of the state, but because it ''is, in substance, an argument to the jury with respect to matters of fact that had been presented at the trial, and a comment by the court upon the weight which they should give to the testimony.'' The court further said: ''Whether the facts and circumstances proved in the case were sufficient to cause the reason of the jury to make this inference was fair matter of argument for the counsel of the respective parties, but the court forsook its judicial position when it assumed the office of commenting upon the weight and credibility of this evidence. The closing paragraph in this instruction, to the effect that it was for the jury to give to the evidence the consideration to which it was entitled, did not obviate the error, as by its remarks the court had, in substance, said to them that, as a matter of law, the evidence was not entitled to any great consideration.''

The only issue in the case was whether the note sued on had

been fully paid. The court instructed the jury that the burden of proving this issue devolved upon the appellant. The appellant swore positively to the payment. The respondent testified positively the other way. The only corroborating evidence the appellant had as to payment was the testimony of three or four witnesses that the respondent had admitted to them that appellant had paid the note. In this view of the case, the appellant was entitled to have the admissions of the respondent as to the payment of the note go to the jury for what they were worth in law and fact. The law does not attach siight weight, or treat as a matter of little or doubtful significance, the voluntary admissions of a party against his own interest. The comment and argument of the court contained in the instruction complained of were calculated to cause the jury to attach little weight or significance to the admissions of respondent shown by the evidence. This was calculated to prejudice the appellant. Under our law, it is error for the court to comment, or make an argument, in the instructions, on the weight to be given to the testimony by the jury.

The appellant contends that the evidence is insufficient to support the verdict. There is a conflict in the evidence, and, as that was a matter properly within the province of the jury to determine and settle, we do not feel that we would be authorized to disturb the result on the ground of the insufficiency of the evidence to support it.

On account of the error of the court in giving the instruction treated above, the judgment and order appealed from are reversed, and the cause remanded for new trial.

*Reversed.*

DE WITT, J., concurs