In re KIRFEL'S ESTATE.

CRAMPTON, Respondent, v. KIRFEL, Appellant.

(157 N. W. 1057.)

(File No. 3921.   Opinion filed May 27, 1916.)

1.   Executors and Administrators—Claim for Care and Support—
     Rejecting Evidence—Record of Evidence of Express Agree-
     ment, Competency.

     Where a claim against a decedent's estate did not disclose
     any relation between deceased and claimant, or that the claim
     was for care and support, but the files disclosed that claimant
     was decedent's daughter, and that she based her claim upon an
     express agreement with decedent that he should convey to her
     a parcel of land, which he had failed to do, and that the bulk
     of the claim was for care and support of deceased, held, that
     evidence by claimant in support of her claim was properly
     admissible;; that trial court erroneously rejected such evidence
     on the theory that such facts were disclosed by the files in the
     case; since the court cannot take notice of the files for one
     purpose and ignore other facts shown thereby.

2.   Same—Claim Against Estate, Sufficiency of as to Nature of
     Claim.

     While a claim against decedent's estate should fairly advise
     the executor or administrator as to its nature, held, that a
     claim against an estate which was presented upon the regular
     blank furnished by county court, and recited that it was for
     several specified items of moneys furnished deceased for main-
     taining a home for decedent, is sufficient, and substantially
     meets the requirements of the statute.

Appeal from Circuit Court, Davison County.   Hon. Frank
B. Smith, Judge.

In the matter of the estate of Henry Kirfel, deceased. Claim
by Rose Kirfel, opposed by Theresia Crampton. The claim was
allowed by the county court, and on appeal to Circuit Court was
disallowed, and claimant appeals.   Reversed.

*W. E. VanDemark,* and *Gaffy & Stephens,* for Appellant.

*A. E. Hitchock,* and *H. A. Rodee,* for Respondent.

*Spangler & Haney,* for administratrix.

(2)   To point two of the opinion, Appellant cited: Prob.
Code, Sec. 171; Landis v. Woodman, (Cal.) 58 Pacific 857; Ste-
wart v. Small et al, Ind., 38 N. E. 826; Lockwood et al v. Rob-
bins, Ind. 25 N. E. 455; Knight v. Knight, (Ind.) 33 N. E. 456;
Chariton National Bank v. Whicher, (Iowa) 145 N. W. 299.

Respondent cited: Etchas v. Orena, (Cal.) 60 Pac. 45; Wilkes v. Cornelius, Ore. 28 Pac. 135.

WHITING, J. In the course of the administration of the estate of one Henry Kirfel appellant filed a claim against said estate. This claim was, under the provisions of section 185, Prob. Code, referred to a referee. Upon the hearing before such referee the present respondent objected to the allowance of the account, but the referee reported in favor of the claimant, this appellant. Such report was confirmed by the county court. From the judgment allowing the claim an appeal was taken to the circuit court, where a trial de novo was had. The trial in the circuit court resulted in a judgment against the claimant, from which judgment this appeal was taken.

[1] When claimant offered testimony upon the trial in the circuit court, the following objection was interposed:

"At this time the objector objects to the introduction of any evidence in support of the claim of Rose Kirfel against the estate of Henry Kirfel, deceased, for $4,574.87, for the reason that said claim does not show any subsisting liability against said estate, it appearing that this is a claim of a daughter for care and services rendered to her father, such care and services rendered by a child to a parent being presumed to be gratuitous, and there being no implied contract to pay for same, and for the further reason there is no express contract on the part of decedent to pay for such care and services alleged in said claim."

The main question presented to this court is the correctness of the ruling of the trial court sustaining such objection. The claim presented was upon the regular blanks furnished by the county court for such purpose, and set forth that:

"The undersigned creditor of the said deceased presents her claim against the estate of said deceased, with the necessary vouchers, to said Anna Kirfel, administratrix, for approval as follows, to-wit: Estate of Henry Kirfel, Deceased, to Rose Kirfel, Dr."

Then follow several items of taxes paid, being itemized at a certain amount for each year from the year 1903 down to and including the year 1913, and several items of charges for maintaining a home for deceased and for moneys paid for house rent.

Following such itemized statement was an affidavit of claimant as follows:

"State of South Dakota, County of Davidson—ss.:

"Rose Kirfel, claimant, within named, being first duly sworn, says that the amount of the within and annexed claim, to-wit. the sum of $4,574.87, is justly due to said claimant, that no payment has been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of affiant.

"Rose Kirfel.

"Subscribed and sworn to before me this 8th day of January, 1914.

"E. A. Loomer, Notary Public."

It is apparent that the grounds interposed upon the objection to the receipt of evidence do not appear upon the face of the claim filed, inasmuch as it does not appear thereby that there was any relationship between deceased and the claimant, but the files herein disclose the fact the claimant was the daughter of deceased, and that the claim, outside of the item for taxes paid, is for the care and support of the deceased, and respondent contends that the court rightfully excluded the evidence because it had before it the facts shown by such files. There is no merit in such contention. The same files disclose, not only the relationship of claimant to the deceased, but further disclose that claimant based her claim upon an alleged express agreement entered into prior to the furnishing of the support and the payment of the taxes. Under such agreement, in consideration of payment of the taxes and furnishing the support, deceased convenanted to convey to claimant a quarter section of land, and he died without making such conveyance, although claimant had fulfilled her part of the agreement. Certainly the trial court could not rightfully take notice of some of the facts shown by the records in the cause and ignore the other facts shown thereby. From all the files it was apparent that claimant was resting her claim on an express contract. But, if the claim was sufficient on its face, the relationship of the parties thereto and nature of the contract became matters to be established by the evidence.

[2] Respondent contends that the claim was not sufficient on its face to warrant the allowance thereof. While there are

certain statutory requisites to be complied with in filing a claim, it is not contemplated that a claim filed need be set forth with the particularity of a formal complaint in a court of record. The statute does not contemplate that it shall be necessary to employ one learned in the law to prepare a claim to present to an administrator or executor. If from such claim filed the administrator or executor is fairly advised as to the claim and the nature thereof, and the claim is sufficient in its contents to stand as a bar to another claim for the same indebtedness, it is sufficient. This claim meets such requirements.

Much is said in the briefs in relation to the statute of limitations. No objection was made upon the ground that the claim or any part thereof appears to have been barred by the statute, and in fact the major portion of such claim does not appear to be barred. We are therefore not called upon to pass upon the question of whether or not it must appear upon the face of the claim as filed that the same is not barred by such statute.

Much said by respondent in her brief would be quite pertinent upon the question of the justness of appellant's claim, but such discussion has no bearing upon the question now before us, which if simply whether or not the ruling above referred to was correct.

The judgment appealed from is reversed.