. FAIRLEY *v.* CURRIE ET AL.

[82 South. 267, Division B. No. 2823.]

1. EXECUTORS AND ADMINISTRATORS. *Claim against estate. Contract Registration.*

A written agreement by an intestate to pay specified prices for clearing land and plowing and breaking approximately twenty acres of land and for delivering post for the cleared land is not capable of being used as a probated account or claim under Code 1906, section 734, because the amount of work is not set out in the agreement.

2. EXECUTORS AND ADMINISTRATORS. *Registering claim against estate. Allowances.*

A claim showing the name of the creditor and stating that a specified amount is due for clearing land is properly registered and should be allowed, where its correctness is established by evidence showing the amount of the work and the price per acre is shown by a written agreement signed by deceased, though the agreement alone is not capable of being used as a probated account under Code 1906, sections 734-735, because the amount of work is not set out therein.

APPEAL from the chancery court of George county.

HON. W. M. DENNY, Chancellor.

Claim by Enoch Fairley against Alexander Currie and another as administrators of the estate of London Fairley deceased. Motion by administrators to dismiss the claim overruled and claim dismissed at close of evidence and claimant appeals.

The facts are fully stated in the opinion of the court.

*A. T. L. Watkins,* for appellant.

We think the learned chancellor erred in holding that the paper in question is "written evidence thereof, if any." Section 2106 (not 734). We respectfully submit that no man can take the paper in question and say that any man owes any man any sum of money, or that he ever will, and the papers served no purpose, except to knock out the charge that claimant was to have the use of the land, for the work of clearing it; such a contention is absurd, on its face; the day passed, when men work at that price. Besides, as before-stated, claimant had no notice of any such issue, and was not prepared to defend on that score. If the learned chancellor be correct in holding the writting, or writings, there being two on the same paper, to be written evidence of debt, as per, section 2106, yet the law does not contemplate that a party shall lose his work or claim because such instrument happens to be lost or mislaid, and it was his duty on learning that the paper had just come to light to permit it to be attached, or on objection, set a trial to determine whether it could be admitted, and if not, why not, and who was in fault, where the paper had been all the while, that is, in whose custody. There is nothing in this record to show that it had ever been in the possession of claimant.

We respectfully submit that, as the claim had been allowed and probated, and no contest had been filed, except, "that claimant was to use the land, for his pay" and that no proof was offered on that issue, the cause should be reversed and contest dismissed, and the administrators taxed with the cost of appeal.

*N. T. Currie,* for appellees.

The appellant did not probate his claim in the manner required by section 2106 of the Code of Mississippi. 1906.

More than one year had elapsed since the date of the first publication of the notice to creditors to present their claims at the time the appellant's claim was dismissed, and the court was powerless to grant the appellant any relief. Section 2107, Code 1906.

Cook, P. J., delivered the opinion of the court.

This is an appeal from a decree of the chancellor refusing to allow a claim registered against the estate of London Fairley, deceased. The administrators of the estate filed a motion asking the chancellor to disallow and dismiss the claim against the estate for the following reasons, viz.:

(1) Because the original of said claim propounded against the estate was not filed in the time required by law after notice to creditors to file and probate and register their claims.

(2) Because no copy of the original claim or the contract upon which same was based has been filed.

The court overruled this motion. Whereupon evidence was taken in support of the claim.

The decision of this case turns upon the registration of the claim against the estate, and we therefore reproduce the description of the claim from the register, viz:

"Name of claimant: Enoch Fairley.

"Description of claim: Clearing land.

"When due: ———.

"Amount: $307.50.

"When registered: Dec. 6, 1916.

"Amount: $307.50."

Briefly stated, the evidence shows that the deceased signed and delivered to appellant the following written document:

"Bendale, Miss., Sept. 20, 1915.

"This agreement between London Fairley, of Bendale, and Enoch Fairley, of Beaumont, Miss.

"I, Enoch Fairley, agree to clear all small trees and bushes from the land and plow and break this land each way across.

"I agree to clear and plow twenty acres, more or less Number of land is North one-half of North-east quarter section 18, Township 2, Range 9 West, Perry county.

"I agree to deliver post for the land that is cleared at five cents apiece.

[''Signed] ENOCH FAIRLEY.

"I, London Fairley, promise to pay Enoch Fairley fifteen dollars, per acre for all land he clears and plows and five cents for all posts delivered.

his
"[Signed] LONDON X FAIRLEY."
mark.

Evidence was introduced proving the number of acres cleared by appellant and the number of posts delivered by him under the written contract.

At the close of the evidence, the chancellor dismissed the claim.

The appellees contend that the writing was a written contract upon which the claim must be established, if at all, and the contract not having been filed with the claim, nor as a part of the claim within the time required by law for the probating and registering claims against the estate, the claim is barred.

The appellees also contend that the contract was a part of the claim and indispensably necessary to the establishment of the claim, under sections 734 and 735, Code of 1906.

Looking at the completed case, we have reached the conclusion that the written instrument could not in the nature of things be a claim against the estate. The number of acres to be cleared and plowed are not mentioned, except that appellant agreed to plow and break approximately twenty acres on land described, and agreed to deliver posts for the land cleared at five cents each.

The instrument in question was signed by appellant and to this was added these words:

"I, London Fairley, promise to pay Enoch Fairley $15, fifteen dollars, per acre for all land he clears and plows and five cents for all posts delivered."

The last quotation was signed by deceased.

The writing, fairly construed, simply means that appellant was to do some work for deceased; the amount of the work was not set out, but the price for the items of work was ascertained. So, at last, the instrument itself was not capable of being used as a probated account, or claim. The claim registered is more in the nature of an open account. The evidence tends to show that the account as registered was true and correct. The amount of work done was proven and the agreed price for each item was proven by the written instrument signed by the deceased. The writing, however, was not capable of being registered, because it proves nothing. The account filed shows the nature of the work done, and the writing signed by the deceased proves the agreed value of the work done, and thus the claim against the estate is liquidated.

The writing signed by deceased became important when the allowance of the claim was contested, but it did not and could not be registered. It is strong evidence of the justness of the registered claim. The claim was properly registered, and its correctness was proven. It should have been allowed.

*Reversed and remanded.*