ROY, APPELLANT, *v.* KING'S ESTATE ET AL., RESPONDENTS.

(No. 3,966.)

(Submitted March 18, 1919. Decided March 31, 1919.)

[179 Pac. 821.]

*Executors and Administrators—Estates of Deceased Persons—
Actions Against—Declarations and Admissions—Evidence—
Admissibility—Discretion—Accounts Stated.*

Pleading and Practice—Admissions—Nonsuit—When Improper.
1. The admission in defendant administrator's answer that part of plaintiff's claim against decedent's estate was justly due and had been allowed by him, entitled plaintiff to judgment in that amount at least, in his action against the estate, and a nonsuit was therefore improper.

Evidence—Deceased Persons—Declarations and Admissions—Admissibility.
2. Though evidence of declarations or admissions of a deceased person against his interest is not the most satisfactory kind of evidence, it is by section 7870, Revised Codes, made competent, and must be considered as any other fact by court or jury, the statements of the witness deposing to either, however, to be accepted with caution.

Executors and Administrators—Actions Against—Declarations and Admissions—Admissibility.
3. Where, in an action against an estate to recover for goods, wares and merchandise furnished to and services performed for decedent in his lifetime, a declaration or admission,—definitely identified by the witness deposing to it,—acknowledging the debt, was deliberately and understandingly made, it is evidence sufficient to make out a *prima facie* case.

Same—Deceased Persons—Declarations and Admissions—Weight of Evidence.
4. Where evidence of declarations or admissions by a decedent against his interest is aided by the testimony of witnesses who know of the dealings between plaintiff and decedent and testify from such knowledge as to articles furnished to and services performed for the latter, it is entitled to added weight.

Same—Accounts Stated—What Constitutes.
5. The approval of an account against an estate by the decedent in his lifetime after examination of it and his expressed intention to pay it constituted it an account stated, and proof of the separate items thereof was not necessary to entitle plaintiff to recover.

[As to definition and elements of account stated, see note in 62 Am. Dec. 85.]

Accounts Stated—Evidence—Action on Open Account.
6. Evidence showing an account stated is sufficient to support a cause of action on an open account.

Executors and Administrators — Actions Against — Deceased Persons — Declarations and Admissions—Admissibility—Discretion.
7. *Held,* that the provision of section 7891, Revised Codes, as amended (Laws 1913, p. 57), declaring plaintiff in an action against an executor or administrator an incompetent witness, unless it ap-

pears to the court that without his testimony, injustice will be done, lodges determination of the question of the admissibility of plaintiff's testimony, within the sound discretion of the court, and that refusal of permission to testify was not an abuse of such discretion where there was sufficient evidence to make out a *prima facie* case without plaintiff's testimony.

Value—Opinion Evidence— Admissibility.

8. A farmer who was acquainted with the market value of farm products, during the year they were furnished by his wife to defendant administrator's intestate was qualified to answer the question whether the amounts charged for the various items in the account sued upon were fair and reasonable.

*Appeal from District Court, Sheridan County; Frank N. Utter, Judge.*

ACTION by Nellie Roy against the Estate of Mamie King, deceased, and W. A. Wheeler, administrator. Judgment dismissing the action. Plaintiff appeals. Reversed and remanded.

*Mr. C. E. Comer,* for Appellant, submitted a brief, and argued the cause orally.

The declaration of a decedent is always admissible in evidence against his pecuniary interest. This is not only the law of the state of Montana, it seems to be the law everywhere. (Sec. 7870, Rev. Codes; *Stoddard* v. *Newhall,* 1 Cal. App. 111, 112, 81 Pac. 666; 9 Am. & Eng. Ency. of Law, 2d ed., 8; *Wright* v. *Stage,* 83 Kan. 445, 111 Pac. 467; *Wormouth* v. *Johnson,* 58 Cal. 621; *Harp* v. *Harp,* 136 Cal. 421, 69 Pac. 28, 29; *State* v. *Alcorn,* 7 Idaho, 599, 97 Am. St. Rep. 252, 64 Pac. 1014, 1015; *Harrisburg Bank* v. *Tyler,* 3 Watts & S. (Pa.) 373; *Fellows* v. *Smith,* 130 Mass. 378; 2 Jones on Evidence, sec. 242.)

Evidence of a stated account is sufficient proof of plaintiff's cause of action on an open account. (1 Cyc. 485; *Rice* v. *Schloss,* 90 Ala. 416, 7 South. 802; *Mitchell* v. *Joyce,* 69 Iowa, 121, 28 N. W. 473.) "An account may be proved by proving the admissions of the defendant relative to that specific account." (1 Encyclopedia of Evidence, 157.)

*Mr. D. E. McLaughlin* and *Messrs. McLaughlin & Brown,* for Respondents, submitted a brief.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This is an action against the defendant as administrator upon the estate of Mamie King, deceased, to recover the sum of $366.49, with interest thereon from September 1, 1913, alleged in the complaint to be due the plaintiff as the reasonable value of goods, wares and merchandise sold and delivered to deceased in her lifetime, of board and lodging furnished, and of services performed—all sold and delivered, furnished and performed, on account, at the request of deceased between July 1, 1910, and September 1, 1913. The defendant denied generally all the allegations of the complaint, except that he admitted that there was due plaintiff $100 on the account which had been allowed her upon her presentation of it to him as a claim against the estate of deceased. When the plaintiff had concluded the introduction of her evidence, the court on motion of defendant granted a nonsuit, on the ground that the plaintiff's evidence was not sufficient to make out a *prima facie* case. From the judgment dismissing the action plaintiff has appealed. Several contentions are made by counsel, the principal one of which is that the court erred in granting the nonsuit. This contention must be sustained.

The admission in the answer that plaintiff's claim to the [1] amount of $100 had been allowed by defendant as justly due her from the estate, entitled her to a judgment for this amount, without regard to the value of the evidence as to the balance. Furthermore, we think the evidence sufficient to show *prima facie* plaintiff's right to recover the whole amount demanded.

Prior to the month of May, 1910, and thereafter until about July 1, 1914, the deceased maintained her residence on a homestead claim near Froid, in Sheridan county. Plaintiff's home was about a fourth of a mile away. The deceased being in ill health and also in straitened financial circumstances, had plaintiff do laundering and housework for her from time to time as she needed it. She also obtained from plaintiff butter,

cream, eggs, bread, vegetables and table board. At her request, plaintiff charged for her services as they were rendered and for the various articles as they were furnished, entering the items upon an account-book kept by her for that purpose. This course of dealing continued until deceased discontinued her residence on her homestead.

The court held that the plaintiff was incompetent to testify, but the witness Mrs. Peel, plaintiff's daughter, who taught school in the neighborhood, knew the deceased well. After stating generally that she knew the course of dealing between her mother and deceased was as above stated, and that she had personal knowledge of the work done at different times and of the furnishing of many of the articles charged as items in the account, she testified in substance that between May, 1910, and July 1, 1914, she had several conversations with the deceased with reference to the condition of the account and the amount due plaintiff at the times of the particular conversations, ascertaining the amount from plaintiff's book at the request of deceased and showing her the account. At these times deceased declared that she was satisfied with the amount then due and was pleased to know that it was not greater. The last conversation had with the deceased was a short time before her death. At that time the deceased was going away, having completed the time of residence on her homestead necessary to enable her to obtain a patent. She then declared to the witness that she had been living "at the mercy" of the plaintiff and intended to pay her and, besides, give her a present, because she thought that the plaintiff deserved more than the amount of the bill. This she said to the witness after she had looked over the account-book with the witness at plaintiff's home who summed the amount then due. The amount of the account then shown by the book was the same as the amount for which the action was brought. Deceased did not return to her homestead, and soon thereafter died.

The witness Lizzie Marquis, who resided in the neighborhood, had knowledge in a general way of the course of dealings be-

tween the plaintiff and deceased.  She stated in substance that she often met deceased, both at the home of deceased and that of plaintiff; that deceased often spoke of her obligation to the plaintiff in that she could not hold her claim but for plaintiff's assistance; that she (deceased) was then "living on the promises she was making"; that she was worried about the amount she owed plaintiff; and that she would not be able to pay plaintiff unless she could "prove up" on her claim so that she could secure a loan on it.  The witness stated further that deceased did not mention any specific sum she owed plaintiff, but that in response to the inquiry how much she owed plaintiff, she said, "I owe her quite a chunk."  There was other evidence to the effect that the charges made for the particular items of services rendered and supplies furnished were reasonable.

John W. Roy, plaintiff's husband, testified that while he could not identify any particular item charged in the account, because he could not give his attention to the dealings between plaintiff and deceased, he knew that the plaintiff did housework for the deceased at different times during the three years following May, 1910; that she furnished the deceased with bread, eggs, butter and vegetables; that she did laundering for deceased and that during the last year of the stay of deceased on her homestead she was furnished table board by the plaintiff.

In granting the nonsuit, the court apparently proceeded [2] upon the theory that while it was competent to introduce evidence of the declarations of deceased against her interest, this alone was not sufficient to make out a *prima facie* case in the absence of direct proof of performance of each item of work done and the furnishing of each article of supplies, supplemented by proof of the reasonable value of each.  This theory was clearly erroneous.  It is true, evidence of such declarations or admissions of a deceased person is not the most satisfactory kind of evidence, because it is open to the objections that it is easily fabricated, that it is impossible to contradict it by the testimony of the deceased, that the testimony of the witness may be colored by his passion or prejudice, that, because

of his defective memory, he does not recollect the language used, and that he may have misunderstood the statement testified to as importing a meaning which the declarant did not intend; but, since the evidence is made competent by the statute (Rev. Codes, sec. 7870) if, in the light of all the circumstances, the court or jury, as the case may be, believe that the particular declaration or admission was made as stated by the witness, it must be considered as any other fact in the case. The theory of the rule allowing the evidence, is that the regard which men have for their own interests is a sufficient guaranty that any such declaration or admission is true, and hence, though the evidence is hearsay, the declaration or admission being established, the truth of it need not be supported by oath. Of course, the testimony of the witness asserting the making of the declaration or admission, must be accepted with caution for the reasons above stated (sec. 8028, Rev. Codes); but, when it appears that the [3] declaration or admission was deliberately and understandingly made and it is definitely identified by the witness deposing to it, it is evidence sufficient to make out a *prima facie* case. (1 Greenleaf on Evidence, Lewis' ed., sec. 200; *Chicago & N. W. Ry. Co.* v. *Button,* 68 Ill. 409; *Mauro* v. *Platt,* 62 Ill. 450; *Schell* [4] v. *Weaver,* 128 Ill. App. 106.) It would seem that added weight should be given to such evidence when it is aided by the testimony of witnesses who have knowledge of the dealing between the plaintiff and deceased and testify from such knowledge as to the performance of some of the services rendered and some of the articles furnished.

To warrant a recovery, however, it was not incumbent upon [5] the plaintiff to introduce evidence to prove the separate items of the account. The approval of it by the deceased after examination of it and her expressed intention to pay it, constituted it an account stated (*Martin* v. *Heinze,* 31 Mont. 68, 77 Pac. 427), and proof establishing the account stated, was *prima facie* sufficient to warrant a recovery though the complaint declared upon an open account. The statements of the deceased dispensed with the necessity of proving the correct-

ness of the different items. Evidence showing an account
[6] stated is sufficient to support a cause of action on an
open account. (1 Cyc. 485, and cases cited in note.)

At the opening of the trial, plaintiff was sworn as a witness
and testified generally to the arrangement between her and the
[7] deceased under which she performed the services and fur-
nished the supplies. Pending her examination, upon objection
interposed by counsel for defendant on the ground that she
was not a competent witness, the court struck out the testimony
already given and refused to permit her to testify further.
Error is assigned on this ruling. Section 7891 of the Revised
Codes, as amended by Chapter 41 of the Laws of 1913 (Laws
1913, p. 57), declares: "The following persons cannot be wit-
nesses: * * * 3. Parties or assignors of parties to an ac-
tion or proceeding, or persons in whose behalf an action or
proceeding is prosecuted against an executor or administrator
upon a claim or demand against the estate of a deceased person,
as to the facts of direct transactions or oral communications
between the proposed witness and the deceased, excepting when
the executor or administrator first introduces evidence thereof,
or when it appears to the court that without the testimony of
the witness, injustice will be done." The evident purpose of
this provision was to declare the plaintiff in the action an in-
competent witness, unless the defendant waives the incompe-
tency, which he may do, as provided in the first exception, or
unless, under the second exception, it appears to the court that
if the witness is not allowed to testify, recovery cannot be had
upon a cause of action which is obviously meritorious. It thus
becomes apparent that it is lodged in the sound discretion of
the court to determine in each case, as it develops during the
trial, whether the testimony is necessary to enable the plaintiff
to make out a *prima facie* case, and thus prevent an injustice.
From this point of view, the court did not abuse its discretion
in pursuing the course it did; for there was sufficient evidence
to make out a *prima facie case,* without plaintiff's testimony.

The witness Roy testified that he was a farmer; that he was [8] acquainted with the market value of potatoes, cream, eggs, butter, *etc.*, during the year 1910, and subsequent to that time; that he had bought and sold such articles; that he had produced them upon his farm; and that he had examined the account. He was then asked to state whether the amounts charged in the account for the various items were fair and reasonable. To this inquiry he answered, "Yes." Upon motion of counsel for defendant all of his testimony on this subject was stricken out on the ground that he had not shown himself sufficiently qualified to express an opinion. This was error. The witness showed himself amply qualified to answer the question. But in view of what has been said and upon the record before us, we think it was error without prejudice.

Other similar rulings were made by the court. It will not be necessary, however, to give him special notice.

The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE COOPER concur.