WUNDERLICH, RESPONDENT, v. HOLT, EXECUTRIX, APPELLANT.

(No. 6,509.)

(Submitted October 4, 1929. Decided December 27, 1929.)

[283 Pac. 423.]

*Mr. N. A. Rotering* and *Mr. W. D. Kyle,* for Appellant, submitted a brief; *Mr. Kyle* argued the cause orally.

264

*Mr. William Meyer,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This is an action to establish a claim against the estate of Charles A. Wunderlich, deceased.

The complaint alleges that plaintiff during the months of March, April, May and August to December, inclusive, 1924,

and during the entire years 1925 and 1926, and from January to August, inclusive, 1927, at the request of Charles A. Wunderlich, rendered services for him in taking care of a ranch at Divide, and caring for W. F. Wunderlich, an invalid brother, for which Charles A. Wunderlich agreed to pay the reasonable value; that the services were worth $75 per month, no part of which has been paid, except the sum of $936, leaving a balance due of $2,089.25; that plaintiff paid the sum of $34.50 for the use and benefit of deceased. It is alleged that a claim was duly presented to the executrix within the time required by law, and by her rejected, save as to the sum of $34.25, which was allowed and approved. A copy of the claim was attached to the complaint, which, omitting the verification and other matters not material, was as follows:

"The undersigned, creditor of Charles A. Wunderlich, ██ deceased, presents his claim against the estate of said deceased, with the necessary vouchers for approval, as follows, to-wit:

"Estate of Charles A. Wunderlich, Deceased, to L. G. Wunderlich, Dr.

1924.

| | |
|---|---:|
| Care of ranch at Divide, Montana, including care of invalid brother of deceased, March, April, May | $ 225.00 |
| Same as above, August to December, inclusive, 5 months | 375.00 |

1925

| | |
|---|---:|
| Same as above, January to December, inclusive, 12 months | 900.00 |

1926

| | |
|---|---:|
| Same as above, January to December, inclusive, 12 months | 900.00 |

1927

| | |
|---|---:|
| Same as above, January to August, inclusive, 8 months | 600.00 |

Paid C. B. Hoskins & Co. Druggist, bill ·in full...    9.25
Paid Mary Shields, nurse for deceased...........    5.00
Paid Rev. E. J. Groeneveld for funeral services..   20.00

$3,034.25''

The claim shows credits for hay sold by plaintiff amounting to $936, leaving a balance due of $2,098.25.

The answer admits the due presentation of the claim and its allowance in the sum of $34.25, and denies the other allegations of the complaint. By way of separate defense the answer alleges that decedent was the owner of 240 acres of land prior to his death, and that he provided a home on a portion thereof, consisting of eighty acres, for plaintiff and W. F. Wunderlich; that the other 160 acres were held by William H. Chadwick under an escrow agreement for its sale and conveyance entered into on September 19, 1916; that Chadwick, by virtue of said agreement, had possession thereof from September, 1916, until January, 1925, and that plaintiff did not work or occupy said land during that time; that only a small portion of the eighty acres occupied by plaintiff was tillable on which potatoes were raised through the joint efforts of the three brothers and Chadwick; that, after Chadwick removed from the land, it was leased to others on a crop basis; and that plaintiff did not perform any services for deceased in the operation thereof or otherwise.

The reply admits that Chadwick occupied the 160 acres as alleged, but alleges that plaintiff performed work thereon, such as repairing the fences and cleaning the ditches, and puts in issue the other allegations of the answer.

The cause was tried to the court sitting with a jury. Verdict and judgment were for the plaintiff. Defendant's motion for a new trial was denied, and she appealed from the judgment.

Several specifications of error raise the question of the sufficiency of the claim upon which the action is founded. It is contended by defendant that the claim is not sufficiently definite and certain to form the basis of an action.

Under our statute, all claims against an estate arising upon contracts must be presented within the time required by law. (Sec. 10173, Rev. Codes 1921.) If not so presented, no action can be brought thereon. (Sec. 10180, Id.) A claim need not state the facts with all the details necessary to a complaint. (*Nevin-Frank Co.* v. *Hubert*, 67 Mont. 50, 214 Pac. 959.) If the claim advises the administrator or executor of the nature and amount of the claim, and shows enough to bar another action on the same demand, it is sufficient. (*Harwood* v. *Scott*, 57 Mont. 83, 186 Pac. 693.)

By section 10174, Revised Codes 1921, it is provided: "The executor or administrator may also require satisfactory vouchers or proofs to be produced in support of the claim." And section 10179, Id., provides: "When a claim is presented to a judge for his allowance, he may, in his discretion, examine the claimant and others on oath, and hear any legal evidence touching the validity of the claim." If the executrix desired more information relative to the exact nature of the claim in question here, she should have demanded proofs to be produced before acting on the claim.

The purpose to be accomplished by our statutory provisions relating to the presentment of claims against estates is to bring all claims to the knowledge of the executor or administrator so that proper inquiry and investigation may be made regarding their validity, with the view of enabling the executor or administrator to pass intelligently upon them.

In other jurisdictions, claims no more definite than the one here have been held sufficient. (*Hurd* v. *Varney*, (N. H.) 144 Atl. 266; *Miller* v. *Summers*, 124 Ark. 599, 187 S. W. 664; *Fairley* v. *Currie*, 120 Miss. 400, 82 South. 267; *Gaulden* v. *Ramsey*, 123 Miss. 1, 85 South. 109; *Crampton* v. *Kirfel*, 37 S. D. 292, 157 N. W. 1057; *Hays* v. *Miller's Estate*, 189 Mo. App. 72, 173 S. W. 1096.)

The claim in question here was sufficient to accomplish the legislative purpose in requiring presentation of claims.

Defendant contends that the court erred in permitting plaintiff to give evidence, over objection, of direct trans-

actions and oral communications between him and deceased, in proof of the agreement between the parties.

Prior to 1909 our statute contained the following prohibition: "The following persons cannot be witnesses: * * * 3. Parties or assignors of parties to an action or proceeding or persons in whose behalf an action or proceeding is prosecuted, against an executor or administrator, upon a claim or demand against the estate of a deceased person, as to any matter of fact occurring before the death of such deceased person." (Sec. 7891, Rev. Codes 1907.)

By Chapter 66 of the Laws of 1909, subdivision 3 above was amended to read as follows: "Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator upon a claim or demand against the estate of a deceased person, as to the facts of direct transactions or oral communications between the proposed witness and the deceased, excepting when the executor or administrator first introduces evidence thereof, or when it appears to the court that, without the testimony of the witness, injustice will be done." (Subd. 3, sec. 10535, Rev. Codes 1921.)

In *Roy* v. *King's Estate*, 55 Mont. 567, 179 Pac. 821, 823, the court, in speaking of the purpose of the amended statute, said: "The evident purpose of this provision was to declare the plaintiff in the action an incompetent witness, unless the defendant waives the incompetency, which he may do, as provided in the first exception, or unless, under the second exception, it appears to the court that, if the witness is not allowed to testify, recovery cannot be had upon a cause of action which is obviously meritorious. It thus becomes apparent that it is lodged in the sound discretion of the court to determine in each case, as it develops during the trial, whether the testimony is necessary to enable the plaintiff to make out a prima facie case, and thus prevent an injustice." This court has ever since adhered to this construction of the statute. (*Averill Machinery Co.* v. *Taylor,* 70 Mont. 70, 223 Pac. 918; *Anderson* v. *Wirkman,* 67 Mont. 176, 215 Pac. 224.)

While the power to admit or reject such testimony rests in the discretion of the trial court, it should be admitted only when, under all the facts and circumstances, it appears to the court that injustice will be done if the testimony is excluded. As was pertinently stated by Mr. Chief Justice Callaway, speaking for the court in *Marcellus* v. *Wright*, 65 Mont. 580, 212 Pac. 299, 302: "When should a court determine to admit the testimony of the survivor against one whose 'mouth is stopt with dust'? Manifestly only when it appears to the court that, in view of all the surrounding facts and circumstances, injustice will result if the testimony is excluded. While undoubtedly the power to admit and reject such testimony is reposed wisely in the sound discretion of the trial court, it cannot be too careful in exercising that discretion. Every judge has observed the freedom with which a witness testifies who knows he cannot be contradicted. Courts should scrutinize with more than usual care the quality of proof presented in such cases, and when the testimony relates to oral communications between the witness and the deceased, it must be viewed with caution."

The question is, Did the court under the facts here presented abuse its discretion in permitting plaintiff to testify as a witness as to facts of direct transactions and oral communications between himself and deceased?

Defendant contends that the discretion of the court was abused because the plaintiff was able to, and did, prove his contract by the testimony of Leta L. Morrow, a disinterested witness. She testified that she had a conversation with deceased in the summer of 1924, and, she said, she "asked Charlie [the deceased] when he was going to California, because I wanted to get Lou to do some work for me on the Lavell place or the Morrow place, and I wanted plenty of time for it, and he said that Lou couldn't do any more work because he was going to California and Lou would have to stay and take care of Willie, and they made an arrangement and he was going to pay Lou for his time." On cross-examination she testified: "This conversation I had with Charles in 1924 was at Divide; he was going over to the

store and I stopped the car and talked with him and asked him, as I said, when he was going to California, because before he left I knew someone would have to be with Willie and I wanted Lou to do some work for me. I can't fix the month of that conversation, but it was in the summer of 1924, and it was probably six weeks after he came back from California. He told me I couldn't get Lou because he was working for him. He also stated that he had hired Lou to do this work, and was going to pay him for taking care of the 80 and taking care of Willie; that Willie couldn't be left alone any more and he himself wouldn't stay here. He didn't tell me how much he was going to give him.''

The testimony of Mrs. Morrow, standing alone, would not have been sufficient to establish plaintiff's claim. From it, the amount of compensation as well as the nature of the work to be performed and the exact time of making the contract were not shown. It did not establish an agreement with sufficient definiteness to permit recovery. (*Donovan* v. *Bull Mountain Trading Co.*, 60 Mont. 87, 198 Pac. 436; *Price* v. *Stipek*, 39 Mont. 426, 104 Pac. 195.) This evidence, however, taken in connection with other testimony of disinterested witnesses appearing of record showing that plaintiff performed the services alleged in the complaint, together with proof that no one else was present when the agreement was made, and that plaintiff had no other means of proving the details of his alleged agreement, was amply sufficient to justify the court in concluding, as it did, that without plaintiff's testimony injustice would be done. There was therefore no abuse of discretion in permitting plaintiff to testify as to facts of direct transactions and oral communications had with the deceased.

Defendant also contends that the evidence is insufficient to support the verdict.

Consideration of all of the evidence in the case discloses that plaintiff, in reliance upon the promise of Charles A. Wunderlich to pay him the reasonable value therefor, performed services for him at the times alleged in the complaint in caring for W. F. Wunderlich, an invalid brother who was

subject to epileptic fits, and in looking after the interests of Charles A. Wunderlich in two ranches, and that the services were of the reasonable and agreed value of $75 per month. No useful purpose would be subserved in setting out the evidence in detail. It is sufficient to say that it amply supports the allegations of the complaint with reference to the agreement between the parties, its performance by the rendition of the services contemplated, the reasonable and agreed value thereof, and the nonpayment to the extent alleged.

The defendant contends that the testimony introduced by plaintiff is so inherently improbable, unnatural, unreasonable and incredible as to make it unbelievable, and that under the rule announced in *Casey* v. *Northern Pac. Ry. Co.*, 60 Mont. 56, 198 Pac. 141, *Whitney* v. *Bertoglio Mercantile Co.*, 65 Mont. 358, 211 Pac. 323, *Northwestern etc. Co.* v. *Leighton*, 66 Mont. 529, 213 Pac. 1094, *McIntyre* v. *Northern Pac. Ry. Co.*, 56 Mont. 43, 180 Pac. 971, *Roman* v. *Albert*, 81 Mont. 393, 264 Pac. 115, and other cases, the verdict cannot be upheld.

A careful review of the entire evidence convinces us that the rule contended for has no application to the facts disclosed by the record in this case.

Error is predicated upon the action of the court in sustaining an objection to the introduction in evidence of two checks signed by deceased and made payable to plaintiff. One of the checks was in the sum of $44, dated November 14, 1924, and the other was in the sum of $25, dated November 24, 1924. It is contended by defendant that the checks were admissible to disprove plaintiff's testimony that the deceased had never paid him any of the compensation due him.

The record discloses that these two checks, together with a number of others, were offered by defendant as one exhibit. The objection thereto was as follows: "If the court please, there is one check dated December 2, 1926, for $20.00. As to that check we have no objection; as to each and all of the other checks from June 22, 1920, back to 1899, we object for the reason that the checks are incompetent, irrelevant and immaterial; that they do not prove or tend to prove any

issue in this case; that they are checks made payable to W. F. Wunderlich, long antedating the date of the agreement here sued upon; that they can have no relevancy or bearing upon any issue in this case; that they are irrelevant, incompetent and immaterial." The court sustained the objection, "except as to the check bearing date of December 2, 1926." It thus appears that no objection was made to the introduction of the checks dated November 14, 1924, and November 24, 1924, respectively, and neither did the ruling of the court exclude them.

Defendant also predicates error upon the refusal of the court to give certain instructions offered by her. We have carefully considered the propriety of the court's action in this respect, and find that there was no error committed in refusing to give the offered instructions. The matters embraced in some of them were covered by other instructions given, and others were either erroneous or inapplicable to the facts appearing of record.

No reversible error appearing, the judgment is affirmed.

. ASSOCIATE JUSTICE FORD concurs.

MR. CHIEF JUSTICE CALLAWAY: I concur, but in my judgment the court should not have permitted plaintiff to testify as to the facts of direct transactions and oral communications between himself and Charles W. Wunderlich prior to a showing by competent testimony that plaintiff had an obviously meritorious cause of action against the estate. However, I am satisfied from the testimony of the witnesses Leta L. Morrow and Messrs. Morrow, Holgren, Curtis and King that the court was justified in deciding that a recovery could not be had upon an obviously meritorious cause of action without the plaintiff's testimony, and cannot be said to have abused its sound discretion in admitting it. In view of this situation, the judgment should not be reversed because of an error which has not affected the substantial rights of the parties. A trial court should not admit the testimony of a witness, prima facie incompetent, until suffi-

cient other testimony is admitted to warrant the court in exercising its discretion in favor of the questionable testimony. (*Cobb* v. *Follansbee*, 79 N. H. 205, 107 Atl. 630.) The court must exercise its discretion with caution and reasonable strictness, and not so loosely as to infringe on the general rule, unless it reasonably appears that otherwise injustice will result, and therefore the exception rather than the rule should apply.

ASSOCIATE JUSTICES MATTHEWS and GALEN concur in the opinion of MR. JUSTICE ANGSTMAN, and also in the concurring opinion of the CHIEF JUSTICE.

---

ON MOTION FOR REHEARING.

(Decided January 9, 1930.)

Opinion: PER CURIAM.

On petition for rehearing but one question deserves consideration. We are urged to reconsider the propriety of the court's action in refusing to give offered instruction K, an instruction to the effect that the jury should view all evidence of conversations with deceased with caution.

The court had given instruction 4L, which directed the jury to view plaintiff's evidence of such conversations with caution. But, since the record discloses that a witness other than plaintiff had testified regarding such conversations, it is contended instruction K should have been given.

Upon a request being made, the court should have instructed the jury that all evidence of such conversations should be viewed with caution. But the offered instruction, in addition to this subject, contained argument and advice to the jury similar to that which was condemned by this court in *Knowles* v. *Nixon*, 17 Mont. 473, 43 Pac. 628, and was therefore erroneous and properly refused.

A rehearing is denied.