346 P.2d 286

Flora Bernice GOFF, Administratrix of the
Estate of Wiley Andrew Dayberry,
Deceased, Appellant,

v.

James C. GUYTON and Katherine Guyton,
husband and wife, Appellees.

No. 6581.

Supreme Court of Arizona.

Nov. 18, 1959.

James Elliott Dunseath and Robert C. Stubbs, Tucson, for appellant.

McCarty, Chandler & Udall, Tucson, for appellees.

DUDLEY W. WINDES, Justice (Retired).

Flora Bernice Goff, Administratrix of the estate of Wiley Andrew Dayberry, brought suit against James C. Guyton and Katherine Guyton, his wife, to recover monies held by the Guytons which plaintiff claimed belonged to the decedent, Dayberry, at the time of his death. Admittedly the Guytons had funds formerly belonging to decedent but which they claimed he gave to Mrs. Guyton prior to his death. The controlling issue is whether such a gift was made. The trial court rendered judgment in favor of defendants, the effect of which was to rule that the decedent, prior to his death, gave the funds to Mrs. Guyton. Plaintiff appeals, contending that the court erred in permitting the Guytons to testify to transactions and conversations with decedent in violation of the provisions of Section 12–2251, A.R.S., and that there was insufficient evidence to legally authorize the decision of the trial court.

Section 12–2251, A.R.S., reads as follows:

"Limitations on testimony in actions by or against executors, administrators or guardians

"In an action by or against executors, administrators or guardians in which judgment may be given for or against them as such, neither party shall be allowed to testify against the other as to any transaction with or statement by the testator, intestate or ward unless called to testify thereto by the opposite party, or required to testify thereto by the court. The provisions of this section shall extend to and include all actions by or against the heirs, devisees, legatees or legal representatives of a decedent arising out of any transaction with the decedent."

The Guytons were permitted to testify to transactions with, and statements by, the decedent. Whether the court was justified in allowing this testimony requires a statement of the circumstances and the testimony in the case.

The decedent had sold his property to the Guytons for $12,000, leaving him a net of $10,910.26 which he deposited in the bank. Mrs. Guyton was called for cross-

examination by the plaintiff and required to testify in effect that shortly after the funds were deposited they were drawn out with a check made payable to and endorsed by Mr. Guyton. The cash was given to her by the decedent and she deposited it in a savings account in the joint names of herself and husband. She further testified that the savings account remained for approximately three years, until after decedent's death, and she was the only one who ever made withdrawals. Mr. Guyton was also called for cross-examination and required to testify to the effect that he cashed the check and gave the money to the decedent. Later during the trial Clementine Billingsley, with whom decedent lived for some time, testified that he told her he had given his money away. After the money was delivered to Mrs. Guyton, and during the approximately three year period it remained in her possession and her control, decedent never attempted to exercise any dominion over it.

We have consistently held that whether one coming under the provisions of Section 12–2251 A.R.S., supra, should be allowed to testify to transactions or statements of a decedent is within the sound discretion of the trial court, Stewart v. Schnepf, 62 Ariz. 440, 441, 158 P.2d 529; and it is only where it clearly appears that such discretion has been abused that the appellate court will interfere, Johnson v. Moilanen, 23 Ariz. 86, 201 P. 634. In Davey v. Janson, 62 Ariz. 39, 153 P.2d 158, a majority of the court sustained the trial court when such testimony was admitted. Justice Ross dissented feeling that the trial court abused its discretion because plaintiff's testimony was the only evidence concerning the transaction with deceased. There is much merit in the dissent but even Justice Ross stated that if there were evidence corroborating that of the plaintiff there would be some reason for allowing the testimony.

Since the plaintiff herein called defendants and examined them concerning the transaction whereby defendants got possession of the money, and another witness testified to statements by the decedent concerning the subject matter, and in view of the circumstances wherein complete dominion over the funds was relinquished and never claimed for a period of approximately three years, we are unable to say that the trial court had no reasonable basis for allowing defendants' testimony for the purpose of getting a full and complete explanation of the entire transaction. We rule, therefore, that the court did not abuse its discretion in this regard.

The final question is whether from all the evidence including the testimony of defendants the court was justified in rendering the judgment in favor of defendants. Approaching the problem and stating the relevant facts we must assume all evidence tending to support

352

the judgment is true unless the same is inherently impossible or improbable, and if two inferences may be drawn we must accept the one chosen by the trial court. Stewart v. Schnepf, supra.

The essential elements of a gift inter vivos are that the donor manifest a clear intent to give to the party claiming as donee and give to the latter before death full possession and control of the property. McNabb v. Fisher, 38 Ariz. 288, 299 P. 679. In the instant case it is undisputed that the decedent passed to the defendants the complete possession and control of the funds involved and the money remained in their possession and control during the rest of decedent's life (approximately three years), and that at no time during this period did decedent attempt to reclaim or exercise any dominion or control thereover. He told Mrs. Billingsley he had given his money away. He delivered the money to Mrs. Guyton, telling her he did not want what he had to go to the state and that he would give it to her now and there would be no reason to make a will. There was evidence that he claimed to have no relatives. The Guytons had taken decedent into their home and cared for him as a member of the family but subsequent to delivering possession of the funds they continued to care for him and provide for all his needs including clothing, medical and dental care. They took him on their vacation, provided him with spending mon-

ey, and generally treated him as a member of the family. Sometimes they gave him cash—sometimes a check. They kept no accurate account of the amounts. There is no evidence that they attempted to dominate him. Since we cannot weigh the evidence we are unable to say that the trial court was compelled to conclude that the decedent did not intend to make a present gift of the funds. The trial judge being the judge of the weight of the evidence and credibility of the witnesses we feel that he could legally conclude that the decedent clearly intended to relinquish all future claim to the property.

Appellant presents considerable argument concerning the burden and degree of proof required of defendant. Since the undisputed evidence shows that the decedent relinquished complete control and dominion over the property, and since we rule that the court might legally say that he evidenced a clear intent to make a present gift of the money, a discussion of the relative burdens required by the parties becomes unimportant.

The judgment is affirmed.

PHELPS, C. J., and BERNSTEIN, J., concurring.

NOTE: Justice UDALL having disqualified, by stipulation of the parties retired Judge DUDLEY W. WINDES was called to sit in his stead in accordance with Arti-

cle 6, Section 26 of the Constitution of Arizona, A.R.S.

JOHNSON, Justice (concurring).

I concur in the decision of the majority that when plaintiff cross-examined Mrs. Guyton, it thereby waived the bar of A.R.S. Section 12–2251, and that therefore the testimony of Mrs. Guyton relating to transactions with the decedent was properly admissible. The majority's partial reliance on the allegedly corroborative testimony of Clementine Billingsley, however, underscores a disparity in Arizona case law in relation to the interpretation of A.R.S. Section 12–2251, otherwise known as the Dead Man's Statute, set out in full in the majority opinion. This is illustrated by the case of Davey v. Janson, 62 Ariz. 39, 153 P.2d 158, cited in the majority opinion. A case which, in my opinion, should be expressly disaffirmed insofar as its interpretation of this statute is concerned.

The problem is posed by the following language, in part, from A.R.S. Section 12–2251:

"In an action by or against executors * * * in which judgment may be given for or against them as such, neither party shall be allowed to testify against the other as to any transaction with * * * the testator * * * unless * * * required to testify thereto by the court."

Clearly, the prerogative in this matter lies within the sound discretion of the trial court. Stewart v. Schnepf, 62 Ariz. 440, 441, 158 P.2d 529. The fundamental question, however, relates not to the undisputed existence of this discretion, but to the circumstances upon which the exercise of said discretion must be predicated. The pre-Janson view is demonstrated by our decision in Johnson v. Moilanen, 23 Ariz. 86, 201 P. 634. In that case, this Court was faced with the question whether the trial court had abused its discretion in denying plaintiff the chance to testify after plaintiff had introduced certain witnesses who testified to alleged admissions against interest made by the decedent, in their presence. In affirming the trial court, we cited without disapproval the ruling of the trial court that other witnesses should testify first in order that it might then determine whether it could exercise its discretion relieving plaintiff from the bar of the statute, then Arizona Civil Code 1913, paragraph 1678. We referred to the case of Goldman v. Sotelo, 7 Ariz. 23, 60 P. 696, wherein the trial court had permitted plaintiff to testify because two other witnesses had testified to the same facts testified to by the plaintiff.

"From this it would appear that the facts to which the two witnesses and the plaintiff Sotelo testified were the same, and not that the plaintiff testified to the transaction itself and the two

witnesses to an admission of it by the deceased, * * *." 201 P. at page 635.

The following lengthy passage from the Johnson case is worthy of quotation as an example of this Court's acceptance of the underlying principle that foundation testimony is required before the court may consider the possible exercise of its discretion to allow a party to testify:

"* * * Remembering that the purpose of paragraph 1678 * * * is to place, so far as possible, executors, administrators, and guardians in actions in which judgment may be rendered for or against them as such, on the same plane as the other party to the suit, it is apparent that a trial court, upon, whose wise use of its discretion so much depends, should weigh very carefully all testimony concerning admissions of the deceased whose mouth is closed in death before allowing them to serve as a basis for permitting the living party to give his version of the transaction out of which the action arose, or else the statute will fail in the accomplishment of that which gave it life. We do not say that evidence of admissions against interest of a deceased person as to a transaction in controversy should not be received, nor that in some instances they might not serve as a basis for the exercise by the court of its discretion to permit the living party to give his version of a transaction upon which an action might be based, yet the possibilities of fraud and perjury are so great, if the bars are thrown down, that it is incumbent on the trial court to act with the greatest precaution in order that estates of deceased persons may be protected against unjust claims. * *"

The Montana statute, R.C.M.1947, Section 93–701–3, subdivision 3, provides in terms substantially similar to our own statute and adds that where, without testimony of a party, injustice will be done, the admission or rejection of the testimony resides in the sound discretion of the trial court. In interpreting this statute, the Montana Supreme Court has said that the trial court should not admit the testimony of a party until sufficient other testimony has been admitted to warrant the court, in the exercise of its discretion, to render a ruling in favor of the questionable testimony. Wunderlich v. Holt, 86 Mont. 260, 283 P. 423; Pincus v. Pincus' Estate, 95 Mont. 375, 26 P.2d 986; Cox v. Williamson, 124 Mont. 512, 227 P.2d 614. An examination of Montana cases indicates that the required foundation testimony must itself be corroborative of the offered testimony of the witness.

We may take it, therefore, that prior to the decision in Davey v. Janson, supra, it was the rule in this state, exemplified by decisions of this Court and reinforced by decisions of the Supreme Court of Montana in regard to a very similar statute to ours, that

while the trial court has discretion to allow a party to testify as an exception to the Dead Man's Statute, the decision to exercise that discretion must be founded upon prior corroborative testimony of independent witnesses relating to the transaction in issue. By this standard, the testimony of Mrs. Billingsley relating to a rather vague declaration against interest made by the decedent, would be open to serious doubt as a sufficient foundation for an exercise of the discretionary power of the court under A.R.S. Section 12–2251.

In Davey v. Janson, 62 Ariz. 39, 153 P.2d 158, this Court sustained the action of the trial court admitting the testimony of plaintiff who was the sole witness against the decedent's estate. Plaintiff obtained a verdict and defendant appealed, contending the trial court had abused its discretion. This Court said:

"Appellant timely objected to the testimony given by the appellee, but the court practically throughout the trial of the case overruled the objections, so evidently the court in its discretion overruled the objections and had a right to do it under the above quoted section. And it was equivalent to requiring the appellee to testify * * *." 62 Ariz. at page 46, 153 P.2d at page 161.

In his dissent, Judge Ross termed the action of the trial court an abuse of discretion, relying on the fact that plaintiff produced no corroborating evidence whatsoever.

The net effect of Davey v. Janson is to give the trial court an unfettered right to "require" plaintiff to testify by merely overruling defendant's objections. If the trial court can be said to have discretion to do this, then it is an unreviewable discretion; for if it was not an abuse of discretion for the trial court in the Davey v. Janson case, supra, to require plaintiff to testify when plaintiff failed to produce one whit of supporting testimony, then I fail to see when this Court could ever declare the trial court guilty of an abuse of discretion in this type of case. I suggest that the Court avail itself of the opportunity in the instant case to disavow Davey v. Janson, supra, and consign it to a well-deserved and long-delayed oblivion. I would apply to the facts of this case the familiar rule that in order for the trial court to determine whether it should exercise its discretion to require plaintiff to testify, plaintiff must first produce some corroborating testimony to the precise facts of the transaction forming the basis of the litigation; and arrive at the conclusion that the testimony of Clementine Billingsley is an insufficient foundation under the rule and decide the case on the basis that plaintiff in its cross-examination waived the statutory bar.

STRUCKMEYER, J., concurs in the views of JOHNSON, J.