HIRAM P. WALKER, APPELLANT, V. F. OSCAR RUDD ET AL.,
APPELLEES.

FILED JANUARY 16, 1913.   No. 16,903.

1. Principal and Agent: AUTHORITY OF AGENT: EVIDENCE. "That the
party to whom money due another is paid is not in possession of
the instruments by which the indebtedness is evidenced is not
conclusive of the question of the authority, or lack of it, in the
party receiving the money to collect it, but is a circumstance or
fact to be considered in the determination of such question."
*Thomson v. Shelton*, 49 Neb. 644.

2. ———: PAYMENT: NEGLIGENCE. Nor is the fact that the payor of a
note pays the amount thereof to the payee or his agent, without
demanding a cancelation and return of the note, conclusive evi
dence of negligence on the part of the payor in making such pay-
ment, but the question of negligence or want of negligence is to be
determined as a question of fact from all the circumstances of the
transaction and the relation of the parties at the time.

3. Paragraphs 2 and 4 of the syllabus in *Walker v. Hale, ante*, p. 829,
applied to this case.

APPEAL from the district court for Clay county: LES-
LIE G. HURD, JUDGE.  *Affirmed.*

*Ambrose C. Epperson*, for appellant.

*M. L. Corey, R. D. Sutherland* and *D. T. Barrett*, con-
tra.

FAWCETT, J.

In the main, the issues and the evidence in this case
are substantially the same as in *Walker v. Hale, ante*, p.
829.  The judgment of the court below was the same in
this case as in that, and a similar judgment must be en-
tered in this court.  We deem it only necessary to call
attention to one additional defense pleaded in this case
which was not pleaded in that.

The note and mortgage in this case were executed and
delivered to plaintiff by William I. and Mary E. Fine.
The petition alleges that after executing the mortgage the

mortgagors conveyed the lots in controversy to one Os-
terberg, who conveyed to Frank T. Rudd, who conveyed
to the defendants Oscar and A. William Rudd, who are
the present owners; and who will be referred to as the
defendants. The answer of defendants pleads the agency
of J. O. Walker for plaintiff substantially as it was
pleaded by defendants in *Walker v. Hale, supra,* and
alleges payment about April 20, 1908, of the full amount
of the note and mortgage to J. O. Walker. Plaintiff in
his reply alleges that J. O. Walker died December 17,
1908; that defendants, from the time they alleged to have
paid the indebtedness to J. O. Walker, made no demand
upon plaintiff for a release of the mortgage nor for a can-
celation and surrender of the note, but permitted plain-
tiff to believe that they had not paid the same; "and now
on account of the death of said J. O. Walker, and the
laches of said defendants, .plaintiff cannot procure his
evidence of the nonpayment of said indebtedness to him,
whereby the plaintiff (defendants) should not in equity
assert the payment of said note to him."

In his brief counsel for plaintiff insists that "the de-
fendants, who claim to have acted for and on behalf of
their father (Frank T. Rudd) in this transaction, were
guilty of carelessness in not looking after their own in-
terests and insisting upon the surrender of the note and
a procuring of a release of the mortgage, matters which
they had the right to demand of the person whom they
entrusted with their money." The agency of J. O. Walker
is shown, by the overwhelming evidence in the case,
to have been a general agency for plaintiff, with full
power and authority to act for plaintiff in the collec-
tion, not only of interest, but of the principal of plain-
tiff's loans in Nebraska. The payment by Rudd to J. O.
Walker was, therefore, a payment to plaintiff, and, if
plaintiff suffered any damage by reason of not being ap-
prised of the fact of such payment, it was the result of the
faithlessness of his own agent. The fact that the party
to whom money due another is paid is not in possession

of the instrument by which the indebtedness is evidenced is not conclusive of the question of the authority, or lack of it, in the party receiving the money to collect it. It is simply a circumstance or fact to be considered in the determination of such question, and of the other fact as to whether the party paying the money was guilty of negligence in not demanding his note at the time he made the payment. We think it must be conceded that, if Rudd, under the circumstances shown, had made this payment to plaintiff himself, without demanding a return of the note and cancelation of the mortgage, that act would not be such carelessness as would warrant the plaintiff in insisting upon payment a second time, and in foreclosing the mortgage upon payment being refused. If the circumstances are such that plaintiff would be precluded from proceeding with the enforcement of the mortgage if the payment had been made to him in person, he cannot do so in this case, as payment to J. O. Walker, who was his general agent for the purpose of receiving payment, was in law a payment to plaintiff himself.

For the foregoing reasons and the reasons given in *Walker v. Hale, supra,* the judgment of the district court is

AFFIRMED.