HIRAM P. WALKER, APPELLANT, V. ALBERT F. CARLSON ET
AL., APPELLEES.

FILED JANUARY 16, 1913.   No. 16,906.

The syllabus in *Walker v. Rudd, ante,* p. 839, applied to this case.

APPEAL from the district court for Clay county: LESLIE
G. HURD, JUDGE.   *Affirmed.*

*Ambrose C. Epperson,* for appellant.

*Charles H. Sloan, Frank W. Sloan* and *J. J. Burke,*
contra.

FAWCETT, J.

The issues tendered by the pleadings in this case and
the evidence responsive to those issues are in every es-
sential particular the same as in *Walker v. Rudd, ante,*
p. 839.   The same judgment was entered by the trial
court in this case as in that, and a similar judgment must
be entered in this court.

Some evidence was introduced by both sides, and the
briefs on both sides contain some slight discussion in ref-
erence to a switching of securities, or transfer of the
mortgage from the lands described in it, which are lo-
cated in Clay county, to certain lands in Fillmore county.
As no such issue was either tendered by the pleadings or
considered and determined by the trial court, it will not
be considered here.

That payment of the note and mortgage was made to J.
O. Walker is satisfactorily proved; that J. O. Walker
was the agent of plaintiff generally in his loan business,
and particularly in reference to the loan in suit, is clearly
established.   Upon the latter point plaintiff testified that
he did not know any of the Carlsons, nor where they lived,
nor whether there were actually any such persons in ex-
istence; that he did not know whether any one was living
on the premises; that he did not receive an abstract of

title, and when he took the paper did not know whether he had any security or not, except what was represented to him by J. O. Walker; that, so far as there being a mortgage on any land or land of any value, he relied upon the representations of J. O. Walker; that the only information he had was from him.

Complaint is made of the refusal of the court to require defendants to elect as to the defenses of actual and ostensible agency, both of which were pleaded. The trial was to the court, and, as the evidence sustains both defenses, plaintiff was not prejudiced by the ruling complained of.

Nothing would be gained by a discussion of this case. It is substantially the same in all respects as *Walker v. Rudd, supra,* and, for the reasons therein stated, the judgment of the district court is

AFFIRMED.