E. M. Berkley, appellant, v. Andrew J. Stewart et
al., appellees..

Filed October 31, 1913. No. 16,967.

Principal and Agent: Authority of Agent: Payment. "Where one
has placed his agent for the investment of money in notes and
mortgages in such a situation that persons of ordinary pru-
dence, acquainted with business usages, would be justified in re-
garding such agent as having full authority with reference to
the extension, collection, etc., of such notes and mortgages, pay-
ment to such agent will be deemed payment to the principal."
*Harrison Nat. Bank v. Austin,* 65 Neb. 632; *Walker v. Hale,* 92
Neb. 829.

Appeal from the district court for Clay county: Leslie
G. Hurd, Judge. *Affirmed.*

*Charles H. Sloan, Frank W. Sloan* and *J. J. Burke,* for
appellant.

*R. D. Sutherland, D. T. Barrett, M. L. Corey, F. B.
Donisthorpe, S. W. Christy* and *L. E. Cottle, contra.*

Rose, J.

Plaintiff brought this suit to foreclose a mortgage for
$1,800 on a quarter-section of land in Clay county. The
mortgage and the note secured were executed by Andrew
J. Stewart and Ada Stewart, June 25, 1898, and were
payable June 25, 1903. In a cross-bill, F. J. Walker, de-
fendant, pleaded a mortgage on the same land for $1,200,
executed by the same mortgagors, dated June 25, 1898,
and payable in five years. After execution of these in-
struments, mortgagors transferred their interests in the
land to William R. Thurber, who, with his wife, executed
in favor of J. O. Walker, July 1, 1905, a mortgage for
$3,000, due July 1, 1910. As J. O. Walker's assignee, the
Citizens Bank of Geneva, defendant, pleaded the Thurber
mortgage in a cross-bill and prayed for a foreclosure
thereof. The Stewarts in their answer pleaded that they

paid to J. O. Walker, as agent of mortgagees, their indebtedness in full. The trial court found in favor of the Stewarts and canceled their mortgages. There was also a finding that a balance of $577.88 on the mortgage held by the Citizens Bank of Geneva was unpaid and a decree of foreclosure to pay the same was entered. Plaintiff and F. J. Walker have appealed.

That the debt and interest secured by the canceled mortgages were paid by mortgagors to J. O. Walker is not disputed. Were mortgagors justified in making payment to him as the agent of mortgagees? This is the controlling question. In borrowing the money the debtors dealt with J. O. Walker, as agent of the creditors. Through him mortgagees received from mortgagors several years' interest and part of the principal. J. O. Walker received also the unpaid balances due, but did not turn the funds over to mortgagees. The evidence relating to his conduct and authority has been carefully examined. Similar transactions in which he was a participant have been scrutinized by this court in other litigation. *Walker v. Hale*, 92 Neb. 829; *Walker v. Rudd*, 92 Neb. 839; *Walker v. Stewart*, 92 Neb. 845; *Walker v. Carlson*, 92 Neb. 850; *Walker v. Hokom*, ante, p. 399. In those cases the following rule was adopted and applied: "Where one has placed his agent for the investment of money in notes and mortgages in such a situation that persons of ordinary prudence, acquainted with business usages, would be justified in regarding such agent as having full authority with reference to the extension, collection, etc., of such notes and mortgages, payment to such agent will be deemed payment to the principal." *Harrison Nat. Bank v. Austin*, 65 Neb. 632.

Under the principle stated, the evidence justified the finding of the trial court that J. O. Walker was the agent of mortgagees, when he received the balances due on the mortgages canceled in the present case. The decree below is therefore                                    AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.