AVERILL MACHINERY CO., APPELLANT, *v.* TAYLOR ET AL., RESPONDENTS.

(No. 5,407.)

(Submitted February 8, 1924. Decided March 4, 1924.)

[223 Pac. 918.]

*Promissory Notes—Mortgages—Duress Per Minas—Threats of Prosecution for Crime—Effect on Contracts—Deceased Agent of Corporation—Evidence—Admissibility—Discretion — Appeal and Error—Findings—Technical Error.*

Pleading—Defenses must be Complete—Incorporation of Allegations by Reference not Permissible.
   1.  Like separate causes of action, so every affirmative defense must be complete in itself; hence allegations in one defense may not be incorporated in another by reference merely.

Duress *per Minas*—Contracts Induced by, Invalid.
   2.  A threat to send one to the penitentiary for an alleged crime unless he execute a promissory note and a mortgage securing it

---

2.  Validity of contracts procured by threats of prosecution, see notes in 26 **L. R. A.** 48; 20 **L. R. A.** (n. s.) 484; 37 **L. R. A.** (n. s.) 539; **L. R. A.** 1915D, 1118.

[70 Mont. 70.]

constitutes menace, and renders the instruments thereupon executed void, since the element of consent freely given, indispensable to a valid contract, is absent in such a case.

Same—Threat of Prosecution for Crime.

3. A threat to prosecute one for a crime of which he is not guilty constitutes menace.

Same—Laches.

4. Where a party who relies upon menace to relieve him from the consequences of his contract remains silent for an unreasonable length of time after removal of the menace he may be held to have elected to waive the wrong and ratify the contract, but to constitute an affirmance his conduct must have been such as to indicate an intention to condone the wrong and a purpose to abide its consequences and the influence of the menace removed before the conduct becomes voluntary.

Same—Deceased Agent of Corporation—Evidence of Threats—Admissibility—Discretion.

5. *Held,* under section 10535, subdivision 4, Revised Codes, of 1921, that evidence of threats made by the agent of a corporation (since deceased) for the purpose of procuring defendant to execute a promissory note and a mortgage securing it was properly admitted, its admissibility having been addressed to the discretion of the trial court where without such evidence defendant could not have proven or made out a *prima facie* case of menace.

Appeal and Error—Immaterial Findings—Technical Error Insufficient to Reverse Judgment.

6. Technical error in making an immaterial finding does not warrant reversal of a judgment.

Duress *per Minas*—Promissory Notes and Mortgages Rendered Void by—Evidence—Sufficiency.

7. Evidence *held* sufficient to sustain the finding of the trial court that notes and mortgages given by mother and son, both of little education and no business experience, were given and executed because of threats of imprisonment of the latter in the penitentiary for an offense which did not constitute a crime, and were therefore void.

Same—Evidence—Admissibility.

8. In determining whether menace entered into the giving of notes and mortgages by mother and son, who sought to have them declared invalid, the test is not so much the nature of the threats as is the state of mind induced thereby, and therefore their ages, relationship (the mother signing because of threats of imprisonment of the son), mental capacity and experience were proper subjects of inquiry.

Equity—Immaterial Findings not Sufficient to Invalidate Judgment Otherwise Correct.

9. Where a judgment in an equity case is sufficiently supported by correct findings, the fact that immaterial findings or findings which were not justified by pleadings and evidence were also made does not invalidate the judgment.

*Appeal from District Court, Judith Basin County; John C. Huntoon, Judge.*

ACTION by the A. H. Averill Machinery Company against Susan C. Taylor, Asa D. Taylor and others. Judgment for named defendants and plaintiff appeals. Affirmed.

*Messrs. McKenzie & McKenzie,* for Appellant, submitted a brief; *Mr. John McKenzie* argued the cause orally.

Menace exists when a person is induced to perform an act to avoid a threatened and impending calamity. (10 Am. & Eng. Ency. of Law, 2d ed. 324.)

"Impending" is here used as being present, ready to fall and so imminent that one is forced to act because of it, hence the reason for holding that a warrant of arrest must have been issued or criminal proceedings commenced. A vague, indefinite assertion as, "You will have to go to the pen," will not suffice. (*Englert* v. *Dale,* 25 N. D. 587, 142 N. W. 169; *Gregor* v. *Hyde,* 62 Fed. 107, 10 C. C. A. 290.)

It is those contracts only which are made under fear of unlawful imprisonment and not those made under fear of imprisonment legally justifiable that can be avoided for duress. (*Sanford* v. *Sornborger,* 26 Neb. 275, 41 N. W. 1102; *Ingebright* v. *Seattle Taxicab & Transfer Co.,* 78 Wash. 433, 139 Pac. 188.) A threatened lawful arrest or prosecution which does not imply harsh or unusual use of criminal process and when no warrant has been issued and there is no danger of the threat being immediately carried out does not constitute duress. (*Wolff* v. *Bluhm,* 95 Wis. 257, 60 Am. St. Rep. 115, 70 N. W. 73.)

The voluntary and free acknowledgment of a deed, subsequent to the time when the threat was employed will not be considered as having been done under duress. (9 R. C. L. 717; *Worcester* v. *Eaton,* 13 Mass. 371, 7 Am. Dec. 155.)

We shall not attempt to reconcile the decisions on the subject of duress or menace with those cited herein; they probably are irreconcilable. We believe this court in *Bullard* v. *Smith,* 28 Mont. 406, 72 Pac. 761, has adopted the rule of law laid down in the decisions cited by us and which we believe to be the better rule, consonant with human nature and every-day

practice and experience. Nearly every day restitution of property wrongfully taken or reparation is made to the rightful owner under threat of criminal prosecution. Surely that is not wrong nor the contract voidable.

The answer alleging compounding of a crime is insufficient in this, that it appears from the plea itself that no crime has been committed. We submit the answer must allege the actual commission of a crime and the compounding of the same. (*Deere* v. *Wolff*, 65 Iowa, 32, 21 N. W. 168; *Manning* v. *Columbia Lodge*, 57 N. J. Eq. 338, 38 Atl. 444, 45 Atl. 1092; sec. 10931, Rev. Codes 1921.)

From the answers, it appears defendants took no action to rescind for around eleven years, and we submit, as a matter of law, that delay amounted to an affirmation of the contract and constituted a bar to a rescission. (*Ott* v. *Pace*, 43 Mont. 82, 115 Pac. 37.) Where it is sought to avoid a contract because induced by duress, the person seeking such avoidance must proceed within a reasonable time after the removal of the duress. If he remain silent for an unreasonable length of time or recognizes the validity of the contract, either by making payments thereon or otherwise, he will be held to have elected to waive the duress and ratify the contract. (10 Am. & Eng. Ency. of Law, 2d ed., 337; *Davis* v. *Fox*, 59 Mo. 125; *Kavanaugh* v. *Flavin*, 35 Mont. 137, 88 Pac. 764; *Lyon* v. *Waldo*, 36 Mich. 346.)

*Mr. Charles W. Campbell* and *Messrs. Davis & Kelly*, for Respondents, submitted a brief; *Mr. Horace S. Davis* argued the cause orally.

Respondents submit that the case at bar is controlled by the opinion of this court in *Clifford* v. *Great Falls Gas Co.*, 68 Mont. 300, 216 Pac. 1114. Here the question of menace or duress *per minas* was fully considered upon a state of facts analogous to that of the instant case. The decision is that: "Even a lawful imprisonment for an unlawful purpose will constitute duress, and therefore the threat of imprisonment for such purpose constitutes menace under the Code sections above

cited." There is a long line of authorities sustaining the position taken in this decision, which, it is submitted, forecloses the argument advanced by the plaintiff on this appeal. But in view of the position taken by counsel despite this decision, the court's attention will again be directed to some of these authorities: *Hullhorst* v. *Scharner*, 15 Neb. 57, 17 N. W. 259; *Fountain* v. *Bigham*, 235 Pa. St. 35, Ann. Cas. 1913D, 1185, 84 Atl. 131; *Kennedy* v. *Roberts*, 105 Iowa, 521, 75 N. W. 363; *Morrill* v. *Nightingale*, 93 Cal. 452, 27 Am. St. Rep. 207, 28 Pac. 1068; *McNair* v. *Benson*, 63 Or. 66, 126 Pac. 20; *Piekenbrock* v. *Smith*, 43 Okl. 585, 143 Pac. 675; *Adams* v. *Irving National Bank*, 116 N. Y. 606, 15 Am. St. Rep. 447, 6 L. R. A. 491, 23 N. E. 7; *Delta County Bank* v. *McGranahan*, 37 Wash. 307, 79 Pac. 796; *Bentley* v. *Robson*, 117 Mich. 691, 76 N. W. 146; *Gorringe* v. *Read*, 23 Utah, 120, 90 Am. St. Rep. 692, 63 Pac. 902; *Heaton* v. *Norton County State Bank*, 59 Kan. 281, 52 Pac. 876; *Reed* v. *McKee*, 42 Doug. (Mich.) 689, 20 Am. Rep. 631; *Harris* v. *Carmody*, 131 Mass. 51, 41 Am. Rep. 188; *Foley* v. *Green*, 14 R. I. 618, 51 Am. Rep. 419; *Coffman* v. *Lookout Bank*, 5 Lea (Tenn.), 232, 40 Am. Rep. 31; *McCormick Harvester Co.* v. *Hamilton*, 73 Wis. 486, 41 N. W. 727; *Hoellworth* v. *McCarthy*, 93 Neb. 246, 43 L. R. A. (n. s.) 1005, 140 N. W. 141. And it is immaterial whether the menace is based upon a charge which is true or false or of which the person accused is guilty or innocent. (Elliott on Contracts, sec. 4678; *Thompson* v. *Niggley*, 53 Kan. 664, 26 L. R. A. 803, 35 Pac. 290; *Hensinger* v. *Dyer*, 147 Mo. 219, 48 S. W. 912; *Biendorf* v. *Kaufman*, 41 Neb. 824, 60 N. W. 101; *Ball* v. *Ball*, 79 N. J. Eq. 170, 37 L. R. A. (n. s.) 539, and note, 81 Atl. 724; *International Harvester Co.* v. *Voboril*, 187 Fed. 973, 110 C. C. A. 331.)

It is next urged that the respondents have lost their rights to plead menace as a defense in this action because of their delay for a period of eleven years. Counsel's position is that the fact that the plaintiff has allowed this period of time to elapse has now foreclosed the defendants from interposing a

defense which such an argument tacitly admits would have been valid six or eight years ago. Such a contention is specious upon its face; and especially so in view of the fact that counsel for the plaintiff has apparently been able to find no case, coincident on its facts with the case at bar, where such a contention has been sustained. On the other hand, in *O'Toole* v. *Lamson,* 41 App. Cas. (D. C.) 276, it has been expressly held that one who executes an obligation under the influence of threats similar to those made in the case at bar will not be adjudged guilty of laches because he does not affirmatively seek to set aside the obligation until an attempt is made to enforce collection.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was instituted to enforce payment of a balance due upon a debt represented by four promissory notes, executed by Asa D. Taylor and Susan C. Taylor, and to foreclose a real estate mortgage executed by Susan C. Taylor and purporting to have been given as security for the debt. Several other persons were joined as defendants, but they defaulted, and Asa D. Taylor and Susan C. Taylor will be designated as defendants. They answered separately, but the answers are substantially the same. Each admits the execution and delivery of the notes and mortgage, and pleads certain affirmative defenses numbered 2, 3 and 4. Issues were joined by reply, and upon a trial of the cause these defendants prevailed and plaintiff has appealed from the judgment.

1. It is contended that no one of the so-called defenses in [1]    either answer states facts sufficient to constitute a defense or to warrant affirmative relief. The fourth defense attempted to be pleaded in each answer is incomplete and insufficient. In each instance the pleader sought to incorporate in that defense material allegations of the second defense by reference merely, and this may not be done. (*Murray* v. *City of Butte,* 35 Mont. 161, 88 Pac. 789; *Power & Bro., Ltd.,* v. *Turner,* 37 Mont. 521,

97 Pac. 950.) The rules of pleading applicable to an affirmative defense are the same as those which govern a complaint; every cause of action and every separate defense must be complete in itself (Bliss on Code Pleading, sec. 339; Pomeroy's Code Remedies, 4th ed., sec. 410), except as to allegations introductory or by way of inducement, which having once been made, may be adopted thereafter by reference (*Power & Bro., Ltd.,* v. *Turner,* above).

The third defense in each answer need not be considered, since in our judgment there is not any substantial evidence tending to sustain it.

In his second defense, Asa D. Taylor alleges that in 1911 he [2] was indebted to the plaintiff upon certain promissory notes secured by a chattel mortgage, which mortgage was on file in the office of the county clerk and recorder of Gallatin county, the county in which the chattels were situated at the time the mortgage was given; that during the winter of 1911–12 he removed the mortgaged chattels to Park county without the written consent of plaintiff, mortgagee, but without any intention to deprive the mortgagee of its claim thereto or interest therein; that about April 24, 1912, W. H. Lanway, the agent of plaintiff, represented to him that by so removing the property he had committed a crime punishable by imprisonment in the state penitentiary, and that, unless he executed and delivered to plaintiff the new notes now sued upon, and induced his mother, Susan C. Taylor, to secure the payment of the notes by the mortgage in question, plaintiff would prosecute him, cause him to be arrested and sent to the penitentiary; that he was ignorant of his rights and unfamiliar with business transactions; that he was not given any opportunity to seek or obtain counsel or advice, and that by reason of the representations so made, and acting under the influence of fear produced by the threats and not otherwise, he executed the notes in question.

In her second defense, Susan C. Taylor sets forth the same introductory matter, and alleges that Lanway represented to

her that her son had committed a crime punishable by imprisonment in the state penitentiary by removing the property to Park county, and stated to her that unless she signed the notes and executed and delivered the mortgage upon her separate property to secure the payment of her son's indebtedness, plaintiff would prosecute him, cause his arrest and send him to the penitentiary; that there was not any other consideration for the notes or mortgage, and that they were executed and delivered solely by reason of the fear produced by such threats.

In support of the contention that the threats thus detailed do not constitute menace, counsel for plaintiff cite *Bullard* v. *Smith,* 28 Mont. 387, 72 Pac. 761, and insist that this court stands committed to the doctrine: "(a) It is not menace for one who believes that he has been wronged to threaten the wrongdoer with civil suit and if the wrong includes a violation of the criminal law to threaten him with criminal prosecution, unless the wrongdoer settles. (b) Threats of criminal prosecution, when no warrant has been issued or proceedings commenced, do not constitute menace."

The decision in *Bullard* v. *Smith* is correct beyond question. Under any view of the law the defendant in that case failed to make out the defense pleaded. This court did not announce either of the principles stated above, but it cited *Higgins* v. *Brown,* 78 Me. 473, 5 Atl. 269, and *Hilborn* v. *Bucknam,* 78 Me. 482, 57 Am. Rep. 816, 7 Atl. 272, which apparently approve those principles. The references were unfortunate, since neither of the principles is supported by the weight of modern authority or by the better reasoned cases.

In every inquiry of this character the court is called upon to determine whether the contract in question is the product of the freewill and consent of the parties to it. Our Code declares that the consent of a party to a contract must be free (sec. 7473, Rev. Codes 1921), and an apparent consent is not free when obtained through duress or menace (sec. 7475). Menace or duress *per minas* consists of a threat of "unlawful confinement of the person of the party, or of the husband or

wife of such party, or of an ancestor, descendant, or adopted child of such party, husband, or wife'' or a threat of ''confinement of such person, lawful in form, but fraudulently * * * made unjustly harassing or oppressive,'' or of a threat ''of injury to the character of any such person.'' (sec. 7478.)

If the threats of prosecution actually excited in the mind of each of these defendants a fear of imminent arrest and punishment of Asa D. Taylor, and impelled by that fear alone the notes and mortgage were executed, it was wholly immaterial whether he was guilty or innocent, for there is absent the indispensable element—consent freely given. (*Morrill* v. *Nightingale*, 93 Cal. 452, 27 Am. St. Rep. 207, 28 Pac. 1068; *Adams* v. *Bank*, 116 N. Y. 606, 15 Am. St. Rep. 447, 6 L. R. A. 491, 23 N. E. 7; *Thompson* v. *Niggley*, 53 Kan. 664, 26 L. R. A. 803, 35 Pac. 290.) If he were in fact guilty of a crime, or if plaintiff had reasonable ground for believing him guilty, it might have prosecuted him with propriety, and, since he was indebted to plaintiff, it might have insisted upon further security with equal propriety; but it did not have any right to make use of criminal process to collect or secure its debt, and a threat to do so constitutes menace. (*Taylor* v. *Jaques*, 106 Mass. 291.)

In *Clifford* v. *Great Falls Gas Co.*, 68 Mont. 300, 216 Pac. 1114, this court quoted with approval from *Heaton* v. *Norton County Bank*, 5 Kan. App. 498, 47 Pac. 576, the following: ''While it has been held that threats of imprisonment, to constitute duress, must be unlawful imprisonment, we think the question is, whether the threat is of imprisonment which will be unlawful in reference to the conduct of the threatener, who is seeking to obtain a contract by his threat. Imprisonment that is suffered through the execution of a threat which was made for the purpose of forcing a guilty person to enter into a contract may be lawful as against the authorities and the public, but unlawful as against the threatener, when considered with reference to his effort to use, for his private benefit, pro-

cesses provided for the protection of the public and the punishment of crimes. One who has overcome the mind and will of another for his own advantage, under such circumstances, is guilty of a perversion and abuse of the laws which were made for another purpose, and he is in no position to claim the advantage of a formal contract obtained in that way.'' To the same effect are *Morse* v. *Woodworth,* 155 Mass. 233, 27 N. E. 1010, 29 N. E. 525; *Hargreaves* v. *Korcek,* 44 Neb. 660, 62 N. W. 1086; *Gorringe* v. *Read,* 23 Utah, 120, 90 Am. St. Rep. 692, 63 Pac. 902; *Fountain* v. *Bigham,* 235 Pa. 35, Ann. Cas. 1913D, 1185, 84 Atl. 131; 9 R. C. L. 720.

If the allegations of these defenses are true, Asa D. Taylor [3] was not guilty of any crime. To constitute the act of removing mortgaged chattels from the county, where they were at the time the mortgage was given, a crime, it was necessary under the statute then in force that the removal be made with the intent of depriving the mortgagee of his claim thereto or interest therein. (Chap. 7, Laws 1909.) That statute, with further amendments, is now found in section 11416, Revised Codes of 1921. Under practically all of the modern authorities a threat to prosecute one for a crime of which he is not guilty constitutes menace. The decided cases will be found cited in the note to 17 A. L. R. 336.

Again it is insisted that neither of these defenses is sufficient because the defendants were guilty of laches. But neither defense was attacked by special demurrer, and the defense of laches was not pleaded in the reply. In *Bushnell* v. *Loomis,* 234 Mo. 371, 36 L. R. A. (n. s.) 1029, 137 S. W. 257, cited by counsel for plaintiff, the defense of estoppel therein relied upon was pleaded specially. If a party, who relies upon menace to re- [4] lieve him from the consequences of his contract, remains silent for an unreasonable time after the removal of the menace, he may be held to have elected to waive the wrong and ratify the contract; but it is the general rule that to constitute an affirmance the conduct of the injured party must be such as to indicate an intention to condone the wrong and a purpose

to abide by its consequences, and the influence of the menace must be removed before the conduct becomes voluntary. (9 R. C. L. 725, sec. 15.)

Upon the face of these pleadings it cannot be said, as a matter of law, that defendants have lost the right to urge the defense.

2. Lanway died before the trial of this cause. When defendants sought to introduce evidence of the threats plaintiff [5] objected, but the objection was overruled and error is predicated upon the ruling. Section 10535, Revised Codes of 1921, provides: "The following persons cannot be witnesses: * * * 4. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against any person or corporation, as to the facts of direct transaction or oral communications between the proposed witness and the deceased agent of such person or corporation, and between such proposed witness and any deceased officer of such corporation, except when it appears to the court that without the testimony of the witness injustice will be done." Prior to 1921 the words, "except when it appears to the court that without the testimony of the witness injustice will be done," did not appear in the statute. The prohibition was absolute, and the court had no discretion whatever in the matter. In 1921 the statute was amended, the words above quoted were added, and subdivision 4 harmonized with subdivision 3 of the same section. (Chapter 213, Laws 1921.) In construing subdivision 3, this court said: "The evident purpose of this provision was to declare the plaintiff in the action an incompetent witness, unless the defendant waives the incompetency, which he may do, as provided in the first exception, or unless, under the second exception, it appears to the court that if the witness is not allowed to testify, recovery cannot be had upon a cause of action which is obviously meritorious. It thus becomes apparent that it is lodged in the sound discretion of the court to determine in each case, as it develops during the trial, whether the testimony is necessary to enable the plaintiff

[70 Mont. 70.]

to make out a *prima facie* case, and thus prevent an injustice.'' (*Roy* v. *King's Estate*, 55 Mont. 567, 179 Pac. 821.) The question whether the evidence is admissible under subdivision 4 is likewise addressed to the sound discretion of the trial court. (*Mosback* v. *Smith Bros. Sheep Co.*, 65 Mont. 42, 210 Pac. 910.) If the testimony given by these defendants is true, they had a meritorious defense, but without the testimony they could not have proven it or even made out a *prima facie* case of menace. Under these circumstances it cannot be said that the trial court abused its discretion in admitting the evidence.

3. The court found that Asa D. Taylor notified Lanway in advance that he intended to remove the mortgaged property to [6] Park county, and exception is taken to that finding. The evidence would justify a finding that Taylor told Lanway that he intended to remove a portion of the property, but it does not justify the finding as made. However, in our opinion the finding is altogether immaterial in any view of the case, and the technical error does not warrant a reversal of the judgment (sec. 9191, Rev. Codes 1921) or even require a modification.

4. It is insisted that the evidence fails to make out the defense pleaded. Concerning the conversation in which it is [7] claimed that the threats were made, Asa D. Taylor testified: ''He [Lanway] told me I would have to take the engine back to Gallatin county. I told him I had no money to take it back with. I couldn't take it back. 'Well,' he says, 'you will have to go to the ''pen'' then for moving it.' 'Well,' I says, I don't know, maybe I will, but I am not going for a while.' 'Well,' he said, 'you will have to fix this up some way or other, and right away.' I told him I had no money to fix it up, and he asked me if I couldn't get my mother to sign with me. I told him I didn't know whether I could or not, and he wanted me to go up with him and see, and he went up on the noon train and I went up on the night train. * * * It scared me; the penitentiary didn't look good to me, and I believed what he told me. He wanted it closed up right away.''

When asked on cross-examination whether he thought he had committed a crime he answered: "Oh, I didn't know whether I had or not, but I thought I had, the way he put it to me." And again he testified that he would not have executed the notes except for the threats made by Lanway.

Concerning the statements made by Lanway to his mother immediately before the notes and mortgage were executed, this witness testified that when he and his mother went to Lanway's room, his mother inquired: " 'What the row was about.' So he told her, 'I had moved the property from Gallatin county without any consent, and I had violated the law.' And she said, 'I hate to sign this up, Mr. Lanway, you know that.' 'Well,' he says, 'You know where your boy will be if you don't.' And she says, 'In the "pen," I suppose.' And he says, 'That's just what it will be.' ' "

Susan C. Taylor testified to substantially the same facts, and further that she and her son were agitated and both were shedding tears; that she believed what Lanway told her because she thought he knew the law and knew what he was doing; that she received no consideration whatever for executing the notes or mortgage; that she was not liable upon the original indebtedness of Asa D. Taylor; that she signed these notes and the mortgage solely to save her son from going to the penitentiary; that Lanway gave her to understand that he would go to the penitentiary unless she signed them and that she was willing to sign them in order "that they might not prosecute him"; and that she would not have signed them but for the threats made by Lanway.

The determining question is: Did these defendants, in executing the notes and mortgage, act of their own free-will [8] and accord? The nature of the threats made by Lanway is not so material as is the state of mind induced thereby in his victims; hence the age, relationship, mental capacity and experience of the defendants were proper subjects of inquiry, to the end that the court and jury might be able to determine whether they were merely feigning fear or were so far bereft

[70 Mont. 70.]

of reason as to be unable to exercise freedom of will—a necessary constituent of every contract. The law does not recognize any fixed standard of resistance to which a party must attain at his peril in order to protect himself. The test is: Was the party victimized by being put in fear by the adversary for the purpose of gaining an advantage, deprived of the free exercise of will power, and was such advantage obtained? (*Galusha* v. *Sherman,* 105 Wis. 263, 47 L. R. A. 417, 81 N. W. 495; *Williamson, Halsell, Frazier Co.* v. *Ackerman,* 77 Kan. 502, 94 Pac. 807. See, also, cases cited in note to 26 L. R. A. 51 and 20 L. R. A. (n. s.) 486.)

The record discloses that Asa D. Taylor was twenty-four years old at the time the notes and mortgage were executed; that he had very little education, extending only through the third grade; that he had worked on a farm all his life and had not any business experience. Susan C. Taylor likewise had little education and no business experience; she supported herself by her work as a house servant. Under these circumstances the finding that the signatures to the notes and Mrs. Taylor's signature to and acknowledgment of the execution of the mortgage were procured solely by the threats made by Lanway is fully justified.

Findings were made which we deem immaterial or not justified by the pleadings and evidence, but the court found that every allegation in each of the second defenses is true, and this is sufficient to sustain the judgment. (*In re Williams' Estate,* 52 Mont. 192, Ann. Cas. 1917E, 126, 156 Pac. 1087; *First Nat. Bank of Saco* v. *Vagg,* 65 Mont. 34, 212 Pac. 509.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.

Rehearing denied April 1, 1924.