MINNESOTA LOAN & TRUST CO., APPELLANT, *v.* BUSBY ET AL., RESPONDENTS.

(No. 6,402.)

(Submitted February 18, 1929. Decided March 19, 1929.)

[275 Pac. 761.]

374

*Messrs. McKenzie & McKenzie,* for Appellant, submitted a brief; *Mr. John McKenzie* argued the cause orally.

*Mr. Robert S. McKellar* and *Mr. C. H. Roberts,* for Respondents, submitted an original and a supplemental brief; *Mr. Roberts* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Plaintiff commenced action to foreclose a real estate mortgage, alleging that no part of the principal of the mortgage note for $1,000 had been paid.

Defendant Busby answered, admitting the execution of the note and mortgage to the State Bank of Nashua, Montana, alleging the payment of $600 on the principal and a certain amount of interest money on December 14, 1925, and consenting that judgment for $400, with accrued interest, and such an attorney's fee as the court should see fit to fix, be entered.

The pleadings and the proof show that the note and mortgage were executed in 1920, the note for $1,000 being payable November 1, 1925, and were assigned by the payee bank in 1921 to one Anna H. Newhart, who duly assigned them to plaintiff in 1922; but, while the assignment from Newhart to plaintiff was recorded shortly after it was made, that from the bank to Newhart was not recorded until February 1, 1926, which was after payment of the $600 was made by defendant to the State Bank of Nashua, and after that bank had become insolvent and gone into the hands of a receiver.

It is undisputed that the note was in the hands of the plaintiff from the time of assignment to it to the time of trial; that all interest was paid up to November 1, 1925, to the Nashua Bank, and the interest coupons were delivered to defendant by the bank, without intimation that it was not the owner or holder of the note, and, prior to the maturity of the note, Busby called at the bank to advise its officers that he would not be able to pay the entire principal on maturity, when, for the first time, he had an intimation that the bank did not own the note—that is, the cashier then told Busby that he would take the matter up with "the company," without disclosing to what "company" he referred. Thereafter the bank, with the consent of "the company," extended the time for payment of the balance for one year, on defendant's payment of the $600 on principal and interest to date of payment.

In their affirmative defense, defendants allege that they made the payment to the Nashua Bank, believing that it was the owner of the principal note and interest coupons, or had full authority to receive and accept the same, and without knowledge, information, or notice that this plaintiff had any interest in the note. They then allege, in the same paragraph, that the bank was the agent of the plaintiff in receiving the payment made.

At the opening of the trial plaintiff moved the court to require the defendants to elect as to whether they would defend, on the theory that the payment was made to the bank

as the owner of the note and mortgage, or as the agent of the plaintiff. The court refused to require an election.

During the trial plaintiff objected to the introduction of many communications which passed between plaintiff and the bank respecting this and other transactions of a like character, tending to show a course of conduct from which a reasonable person might conclude that the bank was the agent of the plaintiff. These objections were overruled.

The taking of testimony was completed on June 22, 1927, and the matter "deemed submitted." Neither party submitted proposed findings of fact in writing at that time, but on August 4, 1927, plaintiff "filed with the court" requested findings, which were not entered in the minutes of the court. In June, 1928, the court made and filed findings of fact and conclusions of law in favor of the defendants. The court, having found that the Nashua Bank was the agent of the plaintiff in collecting the $600 principal, as well as the amounts due for interest, declared as a conclusion of law that plaintiff was entitled to judgment against the defendants in the sum of $400, with interest from December 29, 1926, together with a reasonable attorney's fee. Judgment was accordingly entered for $425.87, principal and interest, and for the sum of $50 as attorney's fee earned before offer to confess judgment with decree of foreclosure and order of sale of the mortgaged premises. Plaintiff has appealed from the judgment, assigning 20 specifications of error.

1. The first specification is that the court erred in not requiring defendants to elect. Plaintiff contends that defendants set up two distinct defenses—the one, that the defendants paid the $600 to the bank under circumstances entitling them to believe that the bank was the owner of the note and estopping plaintiff from asserting the contrary; the other, that the bank was the agent of the plaintiff—and declares that "one defense destroys the other; one is false."

It will not be necessary to cumber this opinion with a recital of the lengthy allegations of the affirmative defense; it does not contain two separate defenses, separately stated and num-

bered, as required by statute; but, having denied that the defendants have any knowledge or information sufficient to form a belief as to the allegations of the complaint concerning the assignment of the note and mortgage from the bank to Newhart and from Newhart to plaintiff, it sets out the facts and circumstances regarding the extension of time secured and the payment made, on which defendants base their allegation that they were entitled to believe, at the time the payment was made, that the bank was either the owner of the note and mortgage, or authorized to receive payment, and then makes formal allegation of agency as the facts were known at the time the answer was filed.

The allegations can hardly be said to constitute two separate and inconsistent defenses, but, even if they do, a defendant is permitted to set up two or more inconsistent defenses (sec. 9146, Rev. Codes 1921), so long as they are not so far inconsistent that, if one be true, the other must necessarily be false (*Johnson* v. *Butte & Superior Copper Co.*, 41 Mont. 158, 48 L. R. A. (n. s.) 938, 108 Pac. 1057; *Advance-Rumely Thresher Co.* v. *Terpening*, 58 Mont. 507, 193 Pac. 752). Here there is nothing so repugnant in the allegations that, at the time the payment was made, defendants believed the bank to own the note and mortgage *or* had authority to receive payment, and the allegation that the bank was the agent of the plaintiff, as to come within the rule announced under the statute. No error was committed in refusing to require an election. (*Howard* v. *Fraser*, 83 Mont. 194, 271 Pac. 444.)

2. Specification 2, and specifications 4 to 13, inclusive, question the correctness of the court's rulings on the admission of letters referring to the manner of handling collections, renewals, etc., with respect to the instant transaction and like transactions between the plaintiff and the Nashua Bank, and parties connected with the management of the bank and the plaintiff company.

We have examined all of the exhibits thus admitted, and find that they were all admissible for the purpose of showing a course of business dealing between the bank and the

plaintiff, tending to establish agency. (*Parsons* v. *Rice,* 81 Mont. 509, 264 Pac. 396; *Commercial Credit Co.* v. *Blair,* ante, p. 314, 275 Pac. 748.)

3. Specification 3 predicates error upon the court's permitting the cashier of the bank to answer the question as to whether it was the custom of the plaintiff to have the interest on mortgage notes given the bank and assigned to plaintiff, paid at the bank. Specifications 14 and 15 likewise predicate error upon the admission of oral testimony by the alleged agent's officers respecting the "custom" or "practice" of having plaintiff's assigned loans paid at the bank.

As there is abundant competent evidence, considered in the last paragraph, to warrant the court's findings on the subject, it is not necessary to determine whether this evidence was incompetent, as, if it was, the court will be deemed to have disregarded it. (*Buhler* v. *Loftus,* 53 Mont. 546, 165 Pac. 601; *State* v. *Driscoll,* 49 Mont. 558, 144 Pac. 153; *State ex rel. Rankin* v. *Martin,* 68 Mont. 392, 219 Pac. 632.)

4. Specifications 15 to 19 question the correctness of the court's declaration that the determinative question in the case was whether or not the bank was the agent of the plaintiff for the collection of the $600 paid, and of its findings respecting agency. Herein plaintiff attacks the sufficiency of both the pleading and proof of agency.

Plaintiff first contends that the bank could only be agent for the plaintiff, if it was the owner of the note, and that, as defendants deny such ownership in their answer, they do not state facts sufficient to constitute a defense of payment to an agent. As stated above, defendants deny any knowledge or information sufficient to form a belief as to plaintiff's allegation of ownership. By this form of denial defendants put the plaintiff on proof of ownership, but this denial was not a part of the affirmative defense.

The affirmative defense, it is true, does not allege that the plaintiff was the owner of the note and mortgage; but it impliedly admits the fact, as the allegations made could only apply to such a situation. Each defense must be suffi-

cient in itself (*Averill Machine Co.* v. *Taylor,* 70 Mont. 70, 223 Pac. 918), but this rule relates to allegations necessary to constitute an answer or defense (Pomeroy's Code Remedies, 5th ed., sec. 592). It does not require a categorical recital of allegations, the effect of which it seeks to avoid.

Setting up new matter as a defense is, in effect, the old plea of "confession and avoidance," and it is difficult to see how one can allege new facts showing nonliability, which do not suppose the existence of a liability but for such facts. Under the common-law pleading, this is called "giving color." (1 Chitty on Pleading, 527.) "So far as the doctrine of 'color' in common-law pleading is technical and artificial, the Code ignores it; but the proposition that a defense of new matter admits a real or an apparent right, to be thus avoided, springs from the nature of logical pleading." (Bliss on Code Pleading, 3d ed., sec. 340.) "There is no confession in terms; it is only implied from the nature of the defense." (Id., sec. 341; *Morgan & Rogers* v. *Hawkeye Ins. Co.,* 37 Iowa, 359.)

Defendant's answer sets up all facts necessary to constitute a complete defense, which, if proved, warrants the exclusion from plaintiff's judgment of the payment made. Plaintiff specifies error on the court's finding that the record of the assignment from Newhart to plaintiff did not impart notice to the defendants. If the facts warrant the court's finding that the bank was the agent of plaintiff, the question of notice becomes immaterial, and it will not be necessary to determine whether or not this finding was warranted by the record.

It is next asserted that the payment to the bank was ineffectual, in the absence of a showing that the bank held the note at the time. It must be remembered, however, that the payment made was but a partial payment on principal. Under such circumstances, if the bank had authority to receive payment, "there was no special occasion for the production of the note and mortgage, or a demand for them, as in case of a payment in full." (*Weigell* v. *Gregg,* 161 Wis. 413, L. R. A. 1916B, 856, 154 N. W. 645.)

The record discloses that transactions between the plaintiff and the State Bank of Nashua, were largely conducted through Shelton Bros. Company, of Minneapolis, A. M. Shelton being an executive officer in both the company and the bank; that there was an understanding between the plaintiff, Shelton Bros. Company, and the bank that negotiations concerning mortgage loans and the renewal thereof, when under the control of plaintiff, should be made through the bank, and not with the borrower direct, the activities of plaintiff remaining thus undisclosed. The letters referred to heretofore disclose that, in the regular course of business between these parties, many mortgages were assigned either directly or indirectly from the bank to plaintiff, and thereafter the bank continued to look after the loans, just as though they were its own; when interest was due, and when the date of maturity was imminent, the plaintiff notified, not the mortgagor, but the bank.

While the mere fact that the bank acted as agent for the collection of interest and delivery of the interest coupons is not sufficient to show authority to collect the principal and discharge the mortgage (*Cornish* v. *Woolverton*, 32 Mont. 456, 108 Am. St. Rep. 598, 81 Pac. 4), the course of business here shown goes much further than this. The bank renewed mortgages, which had been assigned to plaintiff under an agreement to divide commissions, and, in one or more instances shown, collected a part of the principal sum due on mortgage notes held by plaintiff as assignee, and finally the arrangement whereby the defendants were to pay the $600 and interest to date, whereupon the balance of the principal would be carried for a year, was made by the bank without disclosing its principal.

Of plaintiff's letters respecting this arrangement, plaintiff's counsel say they treat the bank as defendants' agent, and direct the bank to have the defendants remit the $600, with interest, to plaintiff, arguing that the word "have" means to "instruct," "tell," "direct," and "remit" means to transmit or send. We do not so read the letters, which are addressed to the Nashua Bank. The first letter advises the bank that

"it will be quite agreeable to our client to accept either $600 or $700 on or before November 1st, and letting the balance ride until November 1, 1926, at the same rate of interest. This is conditional upon all taxes and interest being paid in full to November 1st."

The second letter reads:

"Minneapolis, Dec. 3, 1925.

"State Bank of Nashua,

"Nashua, Mont.:

"Attention Cashier. Re Loan No. 30230. E. C. Busby.

"Gentlemen: When remitting $600 or $700 to be applied on the principal as outlined in your letter of Oct. 23, 1925, kindly *have* Mr. Busby include accrued interest at the rate of 6 per cent. from Nov. 1, 1925, to date payment reaches our office, and please remit by Minneapolis exchange."

The word "have" is used in the correspondence only with reference to the inclusion of interest in the amount to be paid by Busby, while the direction to "remit" is clearly given to the bank. "State Bank of Nashua: * * * When remitting * * * [you] remit by Minneapolis exchange."

It is significant that plaintiff wrote several letters thereafter to the bank in an attempt to get his money, but did not write to defendant Busby until after the bank had failed.

The foregoing showing is sufficient to support the finding that the bank was the agent of the plaintiff for the collection of the $600 and interest, and, under the authorities, defendants were entitled to rely upon the payment as discharging their obligation to the extent thereof. (*Pine* v. *Mangus,* 76 Neb. 83, 107 N. W. 222; *Berkley* v. *Stewart,* 94 Neb. 550, 143 N. W. 920; *Weigell* v. *Gregg,* above; 2 C. J. 625, and note.)

5. It is finally contended that the trial court did not correctly figure the amount due plaintiff under the "offer of judgment" made December 29, 1926. The note provides for interest at the rate of six per cent per annum until maturity and ten per cent thereafter, but by the extension agreement "at the same rate of interest" the due date became November 1, 1926; the rate, therefore, up to November 1, 1926, should be

six per cent, after which, up to the offer to permit judgment to be entered, the rate should be ten per cent. Had the plaintiff accepted the offer, and had judgment entered, the judgment would then have borne interest at the rate of eight per cent per annum, and, as defendants did not tender the amount then due, and have had the use of the $400 and interest since that date, the amount of the judgment to which plaintiff was then entitled should bear interest at the legal rate.

While the record is not clear as to accrued interest being paid, plaintiff alleges, and it seems to be conceded, that the interest accruing between November 1, 1925, and the date the $600 was paid, December 5, 1925, was then paid by defendants. The court found that plaintiff was entitled to an attorney's fee of $50 for services rendered prior to the offer to suffer judgment, and costs incurred to the time of the offer; but the record does not disclose the amount of these costs.

Plaintiff should have been awarded a judgment for the sum of $400 principal, with interest, computed as here indicated, to December 29, 1926, $50 attorney's fee, and the actual amount of costs incurred up to the last mentioned date, and interest on the total of these three items from December 29, 1926, to June 28, 1928, at eight per cent per annum.

The cause is remanded to the district court of Valley county, with direction to modify the judgment in conformity with the above suggestions, and, as modified, the judgment will be affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES GALEN, FORD and ANGSTMAN concur.

Rehearing denied April 4, 1929.