*38
 
 MR. JUSTICE ERICKSON
 

 delivered the opinion of the court.
 

 This appeal involves a controversy between Harry Sharp and the widow of his deceased brother, Jay Sharp. Harry Sharp claims joint ownership with his deceased brother’s estate in certain real and personal property. As a basis for his claim he alleges an oral agreement between himself and his brother in which the plaintiff, Harry Sharp, agreed to and did furnish part of the money with which the property was purchased. The alleged agreement also contained an agreement whereby the title of the property would be taken in the name of the deceased’s wife and that she would hold the property for the two brothers. The plaintiff seeks by this action to have a resulting trust declared in real property.
 

 A jury was called and answered interrogatories to the effect that there was an agreement for the joint purchase and ownership of the property and that Harry Sharp furnished one-half the purchase price. The court accepted the jury’s view of the facts and rendered judgment accordingly. The defendant, the widow of Jay Sharp, has appealed.
 

 The first assignment of error is that the court erred in allowing plaintiff to testify as to the oral declarations of the deceased contrary to the provisions of section 10535, Revised Codes, subsection 3. That section reads: “The following persons cannot be witnesses: * * * 3. Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator upon a claim or demand against the estate of a deceased person, as to the facts of direct transactions or oral communications between the proposed witness and the deceased, excepting when the executor or administrator first introduces evidence thereof, .or when it appears to the court that, without the testimony of the witness, injustice will be done. ’ ’
 

 It is the argument of the appellant that no specific foundation was laid to move the discretion of the court to permit this testimony under the last provision of subdivision 3, permitting the
 
 *39
 
 introduction of such testimony to avoid injustice. In
 
 Pincus
 
 v.
 
 Davis,
 
 95 Mont. 375, 26 Pac. (2d) 986, 990, we said: “Under the provisions of subdivision 3 of section 10535, supra, a party to an action may not testify as to the facts of direct transactions or oral communications between himself and the deceased, except where, without the testimony of the witness, injustice will be done. The trial court should not admit the testimony of such a witness until sufficient other testimony has been admitted to warrant the court, in the exercise of its discretion, to render a ruling in favor of the questionable testimony. The court must exercise this discretion with caution and reasonable strictness, and not so loosely as to infringe on the general rule, unless it reasonably appears that otherwise injustice will result, and therefore the exception rather than the rule should apply.
 
 (Wunderlich
 
 v.
 
 Holt,
 
 86 Mont. 260, 283 Pac.
 
 423; Langston
 
 v.
 
 Currie,
 
 95 Mont. 57, 26 Pac. (2d) 160.)”
 

 In the latter case the court quotes with approval from the special concurring opinion in
 
 Wunderlich
 
 v.
 
 Holt,
 
 supra, and says: “A trial court should not admit the testimony of a witness, prima facie incompetent, until sufficient other testimony is admitted to warrant the court in exercising its discretion in favor of the questionable testimony.
 
 (Cobb
 
 v.
 
 Follanslee,
 
 79 N. H. 205, 107 Atl. 630.) The court must exercise its discretion with caution and reasonable strictness, and not so loosely as to infringe on the general rule, unless it reasonably appears that otherwise injustice will result, and therefore the exception rather than the rule should apply. ’ ’ Subdivision 3 was most recently considered by this court in the case of
 
 Rowe
 
 v.
 
 Eggum,
 
 107 Mont. 378, 87 Pac. (2d) 189.
 

 As can be seen from the above quotations, this court has never laid down a well defined line of demarcation between a sufficient and insufficient foundation. The application of the statute must vary with the circumstances presented to the district court. Mr. Chief Justice Callaway, in
 
 Marcellus
 
 v.
 
 Wright,
 
 65 Mont. 580, 212 Pac. 299, 302, has aptly observed as follows: “"While undoubtedly the power to admit and reject such testimony is reposed wisely
 
 *40
 
 in the sound discretion of the trial court, it cannot be too careful in exercising that discretion. Every judge has observed the freedom with which a witness testifies who knows he cannot be contradicted. ’ ’
 

 Since the trial judge has had the opportunity of observing the demeanor of the witnesses as they testified, an opportunity which we do not have, we must be equally careful in our review of the trial court’s decision and reverse it only when it is clear that he has made an error. It is our duty to examine the record for testimony upon which it is reasonable to conclude that there is credibility in plaintiff’s claim.
 

 It is held in
 
 Rowe
 
 v.
 
 Eggum,
 
 supra, a prima facie case need not be made out. In that case the court said: ‘ ‘ The statute makes it incumbent upon the court, in the exercise of its discretion, to determine in each case whether the testimony is necessary to
 
 enable
 
 the plaintiff
 
 to make out a prima facie case.”
 

 In this case it is established that the plaintiff and deceased worked together from the time of the purchase in 1927 on the premises and that after Jay Sharp’s death the plaintiff remained in possession of the property until March, 1940, being approximately one and one-half years. In addition there was the testimony of a disinterested witness, Bernard Thomas. He testified that the deceased made the following statement to him: “The horses all belong to Harry [plaintiff] ,• — I don’t have anything to do with the horses. The horses are all his, but the rest of this stuff there we have got together, but I have nothing to do with any of the horses.”
 

 Although Bernard Thomas took this statement as meaning that the two owned the land together, yet it is somewhat vague in that the word “stuff” is ordinarily used in connection with inanimate personal property. However, there is an indication in this statement that there was some -relationship of joint undertaking between the two.
 

 The defendant relies on the case of
 
 Langston
 
 v.
 
 Currie,
 
 95 Mont. 57, 26 Pac. (2d) 160, which case cites an Arizona case;
 
 Johnson
 
 v.
 
 Moilanen,
 
 23 Ariz. 86, 201 Pac. 634, to the effect that
 
 *41
 
 declarations against interest made to third parties are' insufficient as a foundation for the admission of testimony offered by a party to the action as to oral transactions between himself and the decedent. Similar declarations against interest were considered as part of the foundation evidence by this court in
 
 Marcellus
 
 v.
 
 Wright,
 
 supra, and in
 
 Pincus
 
 v.
 
 Davis,
 
 supra. Whether this rule is the proper one we need not here decide for there was other evidence besides the declarations against interest which'we think was sufficient to move the court to allow the testimony. In addition to the testimony as to the statement made by Jay Sharp in his lifetime, the testimony shows that from the date of the purchase of the real estate in question the plaintiff and the deceased operated the property jointly, sharing the profits on an equal basis. Plaintiff testified to having turned over various sums of money to his brother over the years. He testified to hiring help for the place, to having purchased a small house which he moved on the property and in which he lived, and to various other things that tended to point to some sort of joint ownership of the real estate as well as the personal property. Further, he testified that conversations with the deceased, concerning the whole transaction, were sometimes held in the presence of the defendant and that particularly on one of these occasions the arrangement whereby the title to the property was to be placed in defendant’s name was thoroughly discussed and she expressly agreed to the arrangement and to a reconveyance of the property to deceased and the plaintiff at any time they should ask for it. This she denied. The case at bar is similar to
 
 Rowe
 
 v.
 
 Eggum,
 
 supra, where the surrounding circumstances are such as we cannot say the trial court abused his discretion in allowing the testimony.
 

 The next contention of error is that even if the testimony as to the deceased’s declarations were admissible yet that evidence did not support a finding of trust, since it does not show that the money paid by the plaintiff was actually used in the purchase of the property. Plaintiff testified to turning over to deceased $1,150 at the time the bid for the property was made and
 
 *42
 
 other sums from time to time thereafter. We cannot agree with defendant’s contention. The following testimony, given by the plaintiff, is sufficient in that respect:
 

 “Q. You don’t know of your own knowledge whether or not any of this money — $1,150.00 was used for the purchase of this land, do you? A. My brother’s word for it.
 

 ‘ ‘ Q. Do you know whether he did actually put the money into this land? A. Well, he said he did; he didn’t seem to have any other.
 

 “Q. You don’t know this, do you, of your own knowledge? A. I never went there with him. * * *
 

 “Q. As a matter of fact, as far as you know, none of this $1150.00 went into the purchase price of this land? A. All I know, they told me.
 

 “Q. Who told you? A. Mrs. Sharp said Jay put money in; Jay said he put the money in.
 

 “Q. Put this identical $1,150.00 in? A. He didn’t say the ‘identical.’
 

 “Q. But put in — put your money in or did she just say, Jay put money in? A. No, she said, ‘We used the money.’
 

 “Q. She didn’t say what for ? A. Yes.”
 

 In view of the position we take on the above two assignments of error, we find no purpose in discussing the remaining assignments that the court erred in denying appellant’s motion for a nonsuit, and that the evidence is insufficient to support the verdict.
 

 The judgment is affirmed.
 

 Mr. Chief Justice Johnson and Associate Justices Anderson, Morris and Adair concur.