A. RUSSELL MOWBRAY, Plaintiff and Appellant, v. EDWARD MOWBRAY, as Executor of the Estate of P. A. MOWBRAY, Deceased, Defendant and Respondent.

No. 9414

Submitted May 7, 1957. Decided June 19, 1957.

312 Pac. (2d) 995.

Mr. Dwight N. Mason, Missoula, Messrs. Wuerthner & Wuerthner, Great Falls, for appellant.

Mr. Emmett C. Angland, Messrs. Baucus & Dawson, Great Falls, for respondent.

Mr. Mason, Mr. John C. Wuerthner and Mr. William G. Baucus argued orally.

MR. JUSTICE CASTLES:

This is an appeal from a judgment for $320 in favor of the plaintiff. The plaintiff is the appellant herein and is appealing from the judgment. He assigns as error the action of the trial court in striking all testimony of the plaintiff regarding a $5,000 loan and in instructing the jury to return a verdict for $320.

The action was brought on a claim filed by the plaintiff against the estate of P. A. Mowbray, deceased, which claim was rejected by Edward Mowbray, executor thereof. The said Edward Mowbray will be referred to as the defendant. The basis of the claim was an alleged cash loan of $720 in March, 1946, and an alleged cash loan of $5,000 in July, 1947. The only issue before the court on the appeal is the trial court's ruling in striking the testimony of the plaintiff as to direct transactions or oral communications between him and the deceased in connection witht the alleged cash loan of $5,000 in July, 1947.

The plaintiff's case depended upon his testimony as to the facts of direct transactions or oral communications between him and the deceased, under the provisions of subdivision 3 of R.C.M. 1947, section 93-701-3. This appeal calls for our interpretation of that statute as applied to the facts of this case.

The plaintiff and the deceased were brothers. The decedent's wife died in March of 1946. The plaintiff paid the expenses of her funeral in the alleged amount of $720.

The $5,000 item was alleged to have been a cash loan made by the plaintiff to his brother. The plaintiff alleged that nothing was paid on the loans except the sum of $400 on March 12, 1951, leaving a balance due plaintiff from the decedent at the time of death of $5,320.

At the close of the plaintiff's case, the court ruled there was

insufficient evidence in addition to the plaintiff's own testimony to give the case to the jury and granted the defendant's motion to strike all evidence given by plaintiff relative to the alleged $5,000 loan. The defendant's motion was based on the premise that there was no foundation for any evidence showing a loan of $5,000 to decedent and that the plaintiff was not a competent witness to testify in the case.

R.C.M. 1947, section 93-701-3, subd. 3, reads as follows:

"Parties or assignors of parties to an action or proceeding, or persons in whose behalf an action or proceeding is prosecuted against an executor or administrator upon a claim or demand against the estate of a deceased person, as to the facts of direct transactions or oral communications between the proposed witness and the deceased, excepting when the executor or administrator first introduces evidence thereof, or when it appears to the court that, without the testimony of the witness, injustice will be done."

In Sharp v. Sharp, 115 Mont. 35, 139 Pac. (2d) 235, 237, this court said: "*  *  * this court has never laid down a well defined line of demarcation between a sufficient and insufficient foundation. The application of the statute must vary with the circumstances presented to the district court. Mr. Chief Justice Callaway, in Marcellus v. Wright, 65 Mont. 580, 212 Pac. 299, 302, has aptly observed as follows: 'While undoubtedly the power to admit and reject such testimony is reposed wisely in the sound discretion of the trial court, it cannot be too careful in exercising that discretion. Every judge has observed the freedom with which a witness testifies who knows he cannot be contradicted'.

"Since the trial judge has had the opportunity of observing the demeanor of the witnesses as they testified, an opportunity which we do not have, we must be equally careful in our review of the trial court's decision and reverse it only when it is clear that he has made an error. It is our duty to examine the record for testimony upon which it is reasonable to conclude that there is credibility in plaintiff's claim."

In Cox v. Williamson, 124 Mont. 512, 522, 227 Pac. (2d) 614, 619, this court said:

"The trial court should not admit the testimony of such a witness until sufficient other independent testimony has been admitted to warrant the court, in the exercise of its discretion, to render a ruling in favor of the questionable testimony. The court must exercise this discretion with caution and reasonable strictness, and not so loosely as to infringe on the general rule, unless it reasonably appears that otherwise injustice will result, and therefore the exception rather than the rule should apply."

In Potlatch Oil & Refining Co. v. Ohio Oil Co., 199 F. (2d) 766, 773, the 9th Circuit Court of Appeals stated, "The Montana rule, however is that a trial court should not admit the testimony of such a witness 'until sufficient other testimony has been admitted to warrant the court, in the exercise of its discretion * * * in favor of the questionable testimony'." Citing Phelps v. Union Central Life Ins. Co., 105 Mont. 195, 203, 71 Pac. (2d) 887, 891; Langston v. Currie, 95 Mont. 57, 71, 26 Pac. (2d) 160; Cox v. Williamson, supra. See, also, Farmers Union Trading Co. of Sheridan v. Wiggins, 127 Mont. 481, 267 Pac. (2d) 117.

Thus then we have examined the plaintiff's case and his testimony to determine whether or not the trial court abused its discretion.

The plaintiff's testimony leaves much to be desired in accuracy and clarity. His complaint and his claim against the estate first recited a date in January, 1947. The complaint was amended during the course of the trial to conform with the proof and it developed that the plaintiff thought the proper date was in July, 1947. He stated that he handed cash, in bills, in his garage in Missoula, Montana, to the defendant. He kept the cash in the garage because he had lost money in banks. There is contradictory testimony on the part of the plaintiff himself as to whether or not his wife, who was living at the time of a deposition in the case, but who at the time of the trial was deceased, was present or not. The plaintiff testified that he had

loaned the $5,000 to the decedent in order for the decedent to go into a business enterprise. The only other evidence of any sort was by one Ferguson, who was a partner of the decedent in that business enterprise. Ferguson testified that from July to September, 1947, the decedent had told him on occasion that he owed the plaintiff money. Whether or not this statement was connected to the $5,000 alleged loan or to the $720 which the plaintiff had advanced to the decedent to pay for his wife's funeral expenses, the witness did not know. Ferguson did not know anything other than that the decedent said that he owed money. Thus, we see that there is no other evidence to establish the alleged $5,000 loan.

It should be pointed out that in Cox v. Williamson, supra, there was other evidence of statements made by the decedent to disinterested persons. Even with this, this court held that there was not a sufficient foundation to permit the introduction of the plaintiff's testimony. The instant case does not have that much additional testimony.

At the conclusion of the plaintiff's case, the defendant made a motion to the trial court to strike the testimony of the plaintiff as to the alleged $5,000 loan, on the grounds that he wasn't a competent witness. The trial court then permitted the plaintiff, over objections of the defendant, to reopen his case and give further testimony. It is apparent from reading the record, that the trial court heard every bit of testimony offered by the plaintiff before he exercised the discretion granted him under R.C.M. 1947, section 93-701-3. He carefully considered the matter to determine whether an injustice would result before striking the evidence and instructing the jury. An examination of the record leads us to conclude that he did not abuse his discretion and that his ruling was proper.

The plaintiff has cited error in the trial court's direction of the $400 payment by decedent to be applied on the $720 claim, and a resulting directed verdict of $320. We do not find merit in this contention, and do not feel that a discussion of it would be helpful.

The judgment is confirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE ADAIR, concur.

MR. JUSTICE ANGSTMAN (concurring specially). •

I agree that the foregoing opinion finds support in previous cases of this court, but I think the court, in determining whether ''without the testimony of the witness, injustice will be done'' within the meaning of R.C.M. 1947, section 93-701-3, has erroneously concluded that the stronger the evidence (aside from that of the witness who testifies regarding direct transactions or oral communications with the deceased) the more certain the questionable evidence becomes admissible whereas I think for the reasons stated in my dissenting opinion in Cox v. Williamson, 124 Mont. 512, 227 Pac. (2d) 614, that the weaker such other evidence appears the more certain the witness should be permitted to testify to avoid an injustice. I subscribe to the conclusion reached in the foregoing opinion solely on the ground of stare decisis.